STATE OF NEBRASKA, APPELLEE, V.
CHARLES KUBIN, APPELLANT.
638 N.W.2d 236

Filed January 25, 2002.   No. S-01-099.

William G. Line for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

After a bench trial in county court, Charles Kubin was convicted of driving while under the influence of alcoholic liquor (DUI), in violation of Neb. Rev. Stat. § 60-6,196 (Supp. 1999). Kubin appealed to the district court. He claimed that the county court erred in failing to sustain his motion to quash. The motion to quash facially challenged the constitutionality of § 60-6,196(8). That statutory provision mandates the sentencing court to order an alcohol assessment and empowers the court to order the convicted person to complete the assessment recommendations—in addition to any statutory penalty imposed. The district court affirmed Kubin's conviction and sentence, and he appeals.

We affirm because Kubin waived his right to facially challenge the constitutionality of the statute by failing to withdraw the plea entered by the court on his behalf.

## BACKGROUND

In June 2000, Kubin was charged with DUI and failing to stop at a red light. At his arraignment in county court, he pled guilty to the charge of violating a traffic signal but stood mute on the DUI charge. His counsel stated that he had filed a motion to quash the complaint on the DUI charge, and the court entered a plea of not guilty on his behalf.

The motion to quash challenged the constitutionality of § 60-6,196(8), alleging the punishment provisions of the statute (1) are vague and give trial judges unlimited discretion in the range of penalties that they can impose, (2) violate the separation of powers clause of the Nebraska Constitution, and (3) violate the proscription against cruel and unusual punishment found in the Eighth Amendment to the U.S. Constitution and in the Nebraska Constitution, article I, §§ 9 (prohibiting excessive fines and cruel and unusual punishment) and 15 (requiring penalties to be proportional to the nature of the offense).

But the record indicates that the motion to quash was not filed until the day after the arraignment hearing, at which hearing the court entered a plea of not guilty for Kubin.

At the trial on the DUI charge, the county court received a stipulation regarding the facts and found Kubin guilty of DUI. At the sentencing hearing, the court ordered that Kubin be placed on probation, pay a fine, complete community service, and complete the alcohol assessment recommendations. Kubin appealed that sentence to the district court, which remanded with instructions for the county court to set out the recommendations that Kubin was required to complete. On remand, the county court then ordered a presentence investigation. After receiving the assessment recommendations and the cost estimates for the treatment plan, the county court resentenced Kubin as before.

Kubin again appealed to the district court. He argued that the county court erred in failing to sustain his motion to quash, and he renewed the constitutional arguments made in that motion. The district court affirmed the judgment.

## ASSIGNMENTS OF ERROR

Kubin assigns that both the county court and the district court erred in failing to find that § 60-6,196(8) violates article I, §§ 9 and 15, of the Nebraska Constitution.

## STANDARD OF REVIEW

■ Whether a statute is constitutional is a question of law; accordingly, the Nebraska Supreme Court is obligated to reach a conclusion independent of the decision reached by the trial court. *State v. Hansen*, 258 Neb. 752, 605 N.W.2d 461 (2000).

■ In reviewing decisions of the district court which affirmed, reversed, or modified decisions of the county court, a higher appellate court will consider only those errors specifically assigned in the appeal to the district court and again assigned as error in the appeal to the higher appellate court. *State v. Feiling*, 255 Neb. 427, 585 N.W.2d 456 (1998).

## ANALYSIS

Kubin contends that § 60-6,196(8) is facially unconstitutional because it gives a court unlimited discretion to impose, or not impose, the costs for a rehabilitative treatment program which constitutes an excessive monetary penalty. The State, however, correctly contends that Kubin's constitutional arguments on appeal are procedurally barred because Kubin's motion to quash was not filed until the day after the court entered a plea of not guilty on his behalf, and, therefore, he has waived any defects alleged in the motion.

■ Once a defendant has entered a plea, the defendant waives all facial constitutional challenges to a statute unless that defendant asks leave of the court to withdraw the plea and thereafter files a motion to quash. See, Neb. Rev. Stat. § 29-1812 (Reissue 1995); *State v. Kanarick*, 257 Neb. 358, 598 N.W.2d 430 (1999). Further, "[t]his statute has long been interpreted to include the situation where a plea is entered for the defendant by the court." *State v. Severin*, 250 Neb. 841, 846, 553 N.W.2d 452, 456 (1996). Because Kubin failed to withdraw the plea entered by the court, we conclude that he waived his right to facially challenge the statute.

AFFIRMED.