STATE OF NEBRASKA, APPELLEE, V.
PHILLIP J. SPADY, APPELLANT.
645 N.W.2d 539

Filed June 14, 2002.   No. S-01-970.

Mark M. Sipple, of Sipple, Hansen, Emerson & Schumacher, for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

Robert B. Creager, of Anderson, Creager & Wittstruck, P.C., for amicus curiae Nebraska Criminal Defense Attorneys Association.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Phillip J. Spady filed a motion to set aside his conviction pursuant to Neb. Rev. Stat. § 29-2264 (Cum. Supp. 2000). The Platte County Court held that the statute is unconstitutional and denied the motion. Spady appealed to the Platte County District Court, which affirmed the county court's determination. Spady appeals. The issue presented is whether § 29-2264 is in violation of Neb. Const. art. II, § 1, the separation of powers clause.

## SCOPE OF REVIEW

■ Whether a statute is constitutional is a question of law; accordingly, the Nebraska Supreme Court is obligated to reach a conclusion independent of the decision reached by the trial court. *State v. Kubin*, 263 Neb. 58, 638 N.W.2d 236 (2002).

## FACTS

Spady was convicted in the Platte County Court of violating a protection order, a Class II misdemeanor, and he was sentenced to

6 months' probation, which he successfully completed. Pursuant to § 29-2264, Spady petitioned for an order setting aside the conviction. Following a hearing, the court determined that § 29-2264 is unconstitutional and dismissed Spady's petition. The court found that the statute purported to grant a commutation power to the judiciary, in violation of the Nebraska Constitution.

Spady appealed to the Platte County District Court, which entered an order finding that § 29-2264 is unconstitutional for the reason that the statute constitutes a pardon or a "partial pardon." The court stated that if the petition were to be granted, the conviction would be nullified and all civil disabilities and disqualifications imposed against Spady as a result of the conviction, other than certain exceptions set forth in § 29-2264(5), would be removed. The district court affirmed the county court's order dismissing Spady's petition.

## ASSIGNMENTS OF ERROR

Spady assigns four errors relating to the constitutionality of § 29-2264. He asserts that the district court erred in dismissing his petition, in finding § 29-2264 unconstitutional, in finding that the terms and provisions of § 29-2264 result in the grant of a pardon, and in making any finding based on what it considered a " 'partial pardon.' "

## ANALYSIS

Whether a statute is constitutional is a question of law, and this court is obligated to reach a conclusion independent of the decision reached by the trial court. *State v. Kubin, supra.*

Section 29-2264 provides:

(1) Whenever any person is placed on probation by a court and satisfactorily completes the conditions of his or her probation for the entire period or is discharged from probation prior to the termination of the period of probation, the sentencing court shall issue an order releasing the offender from probation, and such order shall in all felony cases restore the offender's civil rights.

(2) Whenever any person is convicted of a misdemeanor or felony and is placed on probation by the court or is sentenced to a fine only, he or she may, after satisfactory fulfillment of the conditions of probation for the entire period

or after discharge from probation prior to the termination of the period of probation and after payment of any fine, petition the sentencing court to set aside the conviction.

. . . .

(4) The court may grant the offender's petition and issue an order setting aside the conviction when in the opinion of the court the order will be in the best interest of the offender and consistent with the public welfare. The order shall:

(a) Nullify the conviction; and

(b) Remove all civil disabilities and disqualifications imposed as a result of the conviction.

In determining that § 29-2264 is unconstitutional, both the county court and the district court relied on *State v. Philipps*, 246 Neb. 610, 521 N.W.2d 913 (1994), in which we held that Neb. Rev. Stat. § 29-2308.01 (Reissue 1989) violated the separation of powers clause of the Nebraska Constitution. Section 29-2308.01 provided that a court which imposed a sentence for a criminal offense could reduce the sentence within 120 days after the sentence was imposed, when probation was revoked, or when the court received a mandate from an appellate court. We stated: "[A] sentencing court which chooses to substitute a milder punishment for the sentence it had originally imposed does the very thing which defines an act of commutation." *Philipps*, 246 Neb. at 616, 521 N.W.2d at 917. The statute was held unconstitutional and unenforceable because it purported to grant commutation power to the judiciary, in violation of Neb. Const. art. IV, § 13, which entrusts such power to the Board of Pardons. The statute gave the courts the power to change a sentence after it had been imposed, which in effect was a commutation.

In this case, the county court found that § 29-2264 purported to grant a commutation power, in violation of the Nebraska Constitution. "Commutation of punishment is substitution of a milder punishment known to the law for the one inflicted by the court." *Lincoln v. Sigler*, 183 Neb. 347, 349, 160 N.W.2d 87, 88 (1968). A commutation is "a substitution of a lesser or partial punishment." *Lupo v. Zerbst*, 92 F.2d 362, 364 (5th Cir. 1937), *cert. denied* 303 U.S. 646, 58 S. Ct. 645, 82 L. Ed. 1108 (1938). See, also, *Hagelberger v. United States*, 445 F.2d 279 (5th Cir. 1971), *cert. denied* 405 U.S. 925, 92 S. Ct.

971, 30 L. Ed. 2d 797 (1972); *Rawls v. United States*, 331 F.2d 21 (8th Cir. 1964). We conclude that § 29-2264 is not a commutation statute because it does not substitute a milder punishment.

The district court held that § 29-2264 constituted a pardon or, "at the very least, a partial pardon" and that the statute violated the separation of powers clause of the Nebraska Constitution. Neb. Const. art. II, § 1, provides for three distinct "departments" of government: legislative, executive, and judicial. "[N]o person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted." *Id.* Neb. Const. art. IV, § 13, provides that the Board of Pardons, which is composed of members of the executive branch, "shall have power to remit fines and forfeitures and to grant respites, reprieves, pardons, or commutations in all cases of conviction for offenses against the laws of the state, except treason and cases of impeachment." See, also, Neb. Rev. Stat. § 83-1,126 (Reissue 1999).

In *Campion v. Gillan*, 79 Neb. 364, 371-72, 112 N.W. 585, 588 (1907), quoting *United States v. Wilson*, 32 U.S. (7 Pet.) 150, 8 L. Ed. 640 (1833), we defined a pardon as " 'an act of grace, proceeding from the power intrusted [sic] with the execution of the laws, which exempts the individual on whom it is bestowed from the punishment the law inflicts for a crime he has committed.' " It is a declaration on record by the chief magistrate of a state or county that a person named is relieved from the legal consequences of a specific crime. See *Biddle v. Perovich*, 274 U.S. 480, 47 S. Ct. 664, 71 L. Ed. 1161 (1927). A pardon is also defined as "[t]he act or an instance of officially nullifying punishment or other legal consequences of a crime." Black's Law Dictionary 1137 (7th ed. 1999).

Pursuant to § 29-2264(4), if a court sets aside a conviction, it is required to nullify the conviction and remove all civil disabilities imposed as a result. This is a power expressly delegated to the Board of Pardons. See Neb. Const. art. IV, § 13. However, the statute also exempts certain civil disabilities from restoration. Section 29-2264(5) provides:

> The setting aside of a conviction in accordance with the Nebraska Probation Administration Act shall not:

(a) Require the reinstatement of any office, employment, or position which was previously held and lost or forfeited as a result of the conviction;

(b) Preclude proof of a plea of guilty whenever such plea is relevant to the determination of an issue involving the rights or liabilities of someone other than the offender;

(c) Preclude proof of the conviction as evidence of the commission of the misdemeanor or felony whenever the fact of its commission is relevant for the purpose of impeaching the offender as a witness, except that the order setting aside the conviction may be introduced in evidence;

(d) Preclude use of the conviction for the purpose of determining sentence on any subsequent conviction of a criminal offense;

(e) Preclude the proof of the conviction as evidence of the commission of the misdemeanor or felony in the event an offender is charged with a subsequent offense and the penalty provided by law is increased if the prior conviction is proved;

(f) Preclude the proof of the conviction to determine whether an offender is eligible to have a subsequent conviction set aside in accordance with the Nebraska Probation Administration Act; or

(g) Preclude use of the conviction as evidence of commission of the misdemeanor or felony for purposes of determining whether an application filed or a license issued under sections 71-1901 to 71-1905 or 71-1908 to 71-1917 or a certificate issued under sections 79-806 to 79-816 should be denied, suspended, or revoked.

In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *City of Lincoln v. Central Platte NRD*, 263 Neb. 141, 638 N.W.2d 839 (2002). Section 29-2264 does not act as a pardon. The party is not exempted from the punishment imposed for the crime. Section 29-2264 may be applied only in limited circumstances. For example, a conviction cannot be set aside unless the person has been placed on probation or is sentenced to a fine only. An order setting aside a

conviction may be introduced in later court proceedings against a defendant. The existence of the conviction may be used to impeach the defendant as a witness. The conviction may be used to determine sentence enhancement with regard to a subsequent conviction and may be used to determine whether the defendant is eligible to have a subsequent conviction set aside. The conviction may also be used to determine whether the defendant is eligible for a foster care license or a teaching certificate. Thus, § 29-2264 does not nullify all of the legal consequences of the crime committed because certain civil disabilities enumerated above are not restored, as occurs when a pardon is granted.

Whether § 29-2264 is in effect a pardon and therefore unconstitutional is a question of law. Accordingly, we are obligated to reach that conclusion independent of the decision reached by the court below. See *State v. Kubin*, 263 Neb. 58, 638 N.W.2d 236 (2002).

In our analysis, we are governed by certain legal principles. A statute is presumed to be constitutional, and all reasonable doubts will be resolved in favor of its constitutionality. *State v. Bainbridge*, 249 Neb. 260, 543 N.W.2d 154 (1996). A penal statute must be construed so as to meet the constitutional requirements if such can reasonably be done. *Id.* The burden of establishing a statute's unconstitutionality is on the party claiming it to be unconstitutional. *Id.* The unconstitutionality of a statute must be clearly established before a court may declare it void. *Id.*

We conclude that § 29-2264 does not result in the granting of a pardon. Nor does it allow a court to grant a "partial pardon." The court is permitted to set aside convictions, but certain civil disabilities are exempted from restoration. Thus, § 29-2264 does not infringe upon the power expressly delegated to the Board of Pardons and does not violate the separation of powers clause of the Nebraska Constitution.

## CONCLUSION

For the reasons set forth herein, we conclude that § 29-2264 is constitutional and is not in violation of article II, § 1, of the Nebraska Constitution. Therefore, the judgment of the district court which affirmed the dismissal by the county court is

reversed, and the cause is remanded to the district court with directions to remand to the county court for further proceedings.

REVERSED AND REMANDED WITH DIRECTIONS.