REQUESTED BY: Rachel Marden, Administrative Assistant, Board of Pardons
You have asked whether a person who has been convicted of a sex offense as defined by the Nebraska Sex Offender Registration Act (NSORA) and who has received a full pardon would be required to register as a sex offender. The NSORA applies as follows:
(1) The Sex Offender Registration Act shall apply to any person who on or after January 1, 1997:
a. Pleads guilty to or is found guilty of:
 (I) Kidnaping of a minor pursuant to section 28-313, except when the person is the parent of the minor and was not convicted of any other offense in this section;
 (II) false imprisonment of a minor pursuant to section 28-314 or 28-315;
 (III) sexual assault pursuant to section 28-319 or 28-320;
 (IV) Sexual assault of a child pursuant to section 28-320.01;
 (V) Sexual assault of a vulnerable adult pursuant to subdivision (1)(c) of section 28-386;
 (VI) incest of a minor pursuant to section 28-703;
 (VII) pandering of a minor pursuant to section 28-802
 (VIII) visual depiction of sexually explicit conduct of a child pursuant to section 28-1463.03 or 28-1463.05; or
 (IX) attempt, solicitation, or conspiracy to commit an offense listed in subdivisions (1)(a)(I) through (1)(a)(viii) of this section;
 (b) Enters the state and has pleaded guilty to or has been found guilty of any offense in another state, territory, commonwealth, or other jurisdiction of the United States that is substantially equivalent to the offenses listed in subdivision (1)(a) of this section; or
 (c) Is incarcerated in a jail, a penal facility, or any other public or private institution or is under probation or parole as a result of pleading guilty to or being found guilty of an offense listed in subdivisions (1)(a) and (b) of this section prior to January 1, 1997.
Neb. Rev. Stat. § 29-4001 (2000 Cum. Supp). The NSORA does not address whether a person who has received a full pardon must still be required to register as a sex offender.
In Attorney General Opinion, No. 92030, dated February 26, 1992 we informed you that a pardon is not an expungement of a crime. A pardon "`does not erase guilt' or result in the expungement of the conviction." See also, Bjerkan v. United States, 529 F.2d 125, 128 n. 2 (7th Cir. 1975). The effect of a pardon was recently discussed by the Nebraska Supreme Court in State v. Spady, 264 Neb. 99, 103, 645 N.W.2d 539, 542
(2002) :
 In Campion v. Gillan, 79 Neb. 364, 371-372, 112 N.W. 585, 588 (1907), quoting United States v. Wilson, 32 U.S. (7 Pet.) 150, 8 L.Ed. 640 (1833), we defined a pardon as "`an act of grace, proceeding from the power intrusted [sic] with the execution of the laws, which exempts the individual on whom it is bestowed from the punishment the law inflicts for a crime he has committed.'" It is a declaration on record by the chief magistrate of a state or county that a person named is relieved from the legal consequences of a specific crime. See Biddle v. Perovich, 274 U.S. 480, 47 S.Ct. 664, 71 L.Ed. 1161 (1927). A pardon is also defined as "[t]he act or an instance of officially nullifying punishment or other legal consequences of a crime." Black's Law Dictionary 1137 (7th ed. 1999).
A pardon gives an offender relief from punishment for the conviction and relief from the legal consequences of the conviction. If the NSORA registration requirements are considered to be either punishment or legal consequences of a crime, then a sex offender, as defined above, who receives a pardon would not be required to register.
A. The NSORA Registration Requirements Are Not Punishment For TheConviction.
The requirement that sex offenders register as such is not punishment. The starting point in determining whether the registration requirements of NSORA are punishment or not is the legislature's stated intent. Kansas v. Hendricks, 521 U.S. 346, 117 S.Ct. 2072, 2082 (1997). The Legislature's intent is spelled out in the NSORA:
 The Legislature finds that sex offenders present a high risk to commit repeat offenses. The Legislature further finds that efforts of law enforcement agencies to protect their communities, conduct investigations, and quickly apprehend sex offenders are impaired by the lack of available information about individuals who have pleaded guilty to or have been found guilty of sex offenses and who Iive in their jurisdiction. The Legislature further finds that state policy should assist efforts of local law enforcement agencies to protect their communities by requiring sex offenders to register with local law enforcement agencies as provided by the Sex Offender Registration Act.
Neb. Rev. Stat. § 29-4002 (2000 Cum. Supp.). The legislative intent is not punitive but remedial in nature. The U.S. Supreme Court has indicated that the legislative intent is not always dispositive and may be overcome by the "clearest proof" that the "statutory scheme is so punitive either in purpose or effect as to negate [the State's] intention" to deem it remedial. United States v. Ward, 448 U.S. 242, 248-249,100 S.Ct. 2636, 2641, 65 L.Ed.2d 742 (1980).
We believe that the West Virginia Supreme Court appropriately addressed the fact that the sex offender registration act was not so punitive in purpose or effect in Hensler v. Cross, 210 W. Va. 530,558 S.E.2d 330 (W.Va. 2001). The court emphasized that in determining whether the SORA was regulatory or punitive, the focus must be whether the SORA makes more burdensome the punishment for the crime.
 We find that the purpose of the Act is not to punish the offender. The Act does not make an action which was innocent when done, criminal and punish it as such; the Act does not aggravate a crime or make it greater when than when it was committed; The Act does not make the punishment for a crime more burdensome by inflicting a greater punishment than the law annexed to the crime when it was committed. Consequently, the appellant in not "disadvantaged" because the Act does not alter, by enhancing or increasing, the standard of punishment under which he was convicted. The Act is not so punitive as to override the regulatory purpose.
 The appellant does not argue that his movement will be restricted or impeded in any way because he must register; neither does he argue that punishment is enhanced because deterrence is an objective of the Act. He argues only that the Act alters his situation to his disadvantage because he now has a reduced expectation of privacy. The appellant overlooks the fact that much of the information required by the statute is public information generally available to the public if they make a reasonable effort to obtain it. The appellant's conviction, the nature of the crime, and when and where the conviction took place are all matters of public record. In employment situations, the information can often be obtained from the applicant.
Hensler, 558 S.E.2d at 335-336. The NSORA registration requirements similarly cannot be seen to be so punitive in purpose or effect as to overcome the remedial legislative purpose. Additionally, in State v. Torres, 254 Neb. 91, 574 N.W.2d 153 (1998) the court found that the NSORA registration requirement was not part of an offender's criminal sentence and held that an offender could not challenge his conviction by way of a constitutional challenge to NSORA.
B. The NSORA Registration Requirement Is One Of The Legal Consequences OfThe Conviction.
We can no find no legal authority that provides a list of what are considered to be the legal consequences of a conviction. In State v. Spady, 264 Neb. 99, 103, 645 N.W.2d 539, 542 (2002), the Court provides guidance as to what it considers to be legal consequences of a conviction from which a pardon would provide relief. In Spady the Court determined that Neb. Rev. Stat. § 29-2264 did not violate Art. II, § 1 of the Nebraska Constitution, which provides for the distribution of powers between the executive, legislative and judicial branches of government. Section 29-2264 allows for a judge to nullify a conviction and remove all civil disabilities for an offender who has successfully completed probation. The county court had denied Spady's petition for such an order based upon § 29-2264 violating Art. II, § 1 of the Nebraska Constitution because only the Board of Pardons could grant a pardon pursuant to Art. IV, § 13 of the Nebraska Constitution. The Court disagreed and found that § 29-2264 did not give the judicial branch pardon authority such as the Board of Pardons possessed. The court could not exempt an offender from the punishment imposed for the crime. Additionally, § 29-2264 did not allow a court to remove all civil disabilities.
(5) The setting aside of a conviction in accordance with the Nebraska Probation Administration Act shall not:
 (a) Require the reinstatement of any office, employment, or position which was previously held and lost or forfeited as a result of the conviction;
 (b) Preclude proof of a plea of guilty whenever such plea is relevant to the determination of an issue involving the rights or liabilities of someone other than the offender;
 (c) Preclude proof of the conviction as evidence of the commission of the misdemeanor or felony whenever the fact of its commission is relevant for the purpose of impeaching the offender as a witness, except that the order setting aside the conviction may be introduced in evidence;
 (d) Preclude use of the conviction for the purpose of determining sentence on any subsequent conviction of a criminal offense;
 (e) Preclude the proof of the conviction as evidence of the commission of the misdemeanor or felony in the event an offender is charged with a subsequent offense and the penalty provided by law is increased if the prior conviction is proved;
 (f) Preclude the proof of the conviction to determine whether an offender is eligible to have a subsequent conviction set aside in accordance with the Nebraska Probation Administration Act; or
 (g) Preclude use of the conviction as evidence of commission of the misdemeanor or felony for purposes of determining whether an application filed or a license issued under sections 71-1901
to 71-1905 or 71-1908 to 71-1917 or a certificate issued under sections 79-806 to 79-816
should be denied, suspended, or revoked.
Neb. Rev. Stat. § 29-2264(5). "Thus, § 29-2264 does not nullify all of the legal consequences of the crime committed because certain civil disabilities enumerated above are not restored, as occurs when a pardon is granted." Spady, 264 Neb. at 105, 645 N.W.2d at 543. This statement by the Court indicates that § 29-2264(5) is not meant to be a complete listing of "legal consequences" of a crime.
The registration requirements of the NSORA are similar to the civil disabilities enumerated in § 29-2264(5), in that if an offender fails to comply with the registration requirements he or she could be subjected to criminal charges with the underlying conviction being an element of proof for that charge. Thus, it is our view that the registration requirements of the NSORA constitute "legal consequences" of the crime. This conclusion is further supported by State v. Torres, 254 Neb. 91,574 N.W.2d 153 (1998). In Torres the court determined that the requirements of NSORA were collateral and separate from a conviction. See also, Shankle v. State, 59 S.W.3d 756 (Tx.Ct.App. 2001).
It is our conclusion that because the registration requirements of the NSORA are a legal consequence of a conviction, a sex offender who has been pardoned would not be required to register as a sex offender.
Sincerely,
 DON STENBERG Attorney General
 Melanie J. Whittamore-Mantzios Assistant Attorney General
Approved:
_________________________________ Attorney General