STATE OF NEBRASKA, APPELLEE, V.
HEATHER R. WESTER, APPELLANT.
691 N.W.2d 536

Filed February 4, 2005.    No. S-03-1382.

Julie E. Bear, of Reinsch & Slattery, P.C., for appellant.

Jon Bruning, Attorney General, and Susan J. Gustafson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Heather R. Wester appeals from the order of the Cass County District Court which denied her motion to have certain convictions set aside. This appeal presents the issue of whether a person who is sentenced to a fine only may, after payment of the fine, petition the sentencing court to set aside the conviction.

## SCOPE OF REVIEW

■ The meaning of a statute is a question of law. *Cox Nebraska Telecom v. Qwest Corp.*, 268 Neb. 676, 687 N.W.2d 188 (2004).

■ When reviewing questions of law, an appellate court has an obligation to resolve questions independently of the conclusion reached by the trial court. *Blue Cross and Blue Shield v. Dailey*, 268 Neb. 733, 687 N.W.2d 689 (2004).

## FACTS

Wester was charged with one count of acting as a motor vehicle dealer without a license and one count of forging a title, both of which are Class IV felonies. See Neb. Rev. Stat. §§ 60-116 (Reissue 2004) and 60-1416 (Reissue 1998). The charges stemmed from Wester's selling too many motor vehicles during a calendar year without having an automobile dealer's license.

Prior to trial, the parties reached a plea agreement whereby the State would file an amended petition charging Wester with five Class I misdemeanors to which she would plead no contest. She entered the plea as a "best interest plea," which the district court accepted, and she was found guilty on all five counts. Wester was sentenced to a $250 fine for each of the counts of which she was convicted. She paid the fines the day of sentencing.

On September 18, 2003, Wester filed a motion to set aside her convictions pursuant to Neb. Rev. Stat. § 29-2264 (Supp. 2003). A hearing was held, and the district court issued an order denying the motion. The court reasoned that § 29-2264 allowed for the setting aside of a conviction only if a person had been sentenced to probation. Wester had been sentenced to a fine only, and therefore, the court concluded that her convictions could not be set aside pursuant to § 29-2264. Wester perfected a timely appeal.

## ASSIGNMENTS OF ERROR

Wester argues that the district court erred by (1) finding that a sentence of probation is a necessary prerequisite to setting aside a conviction pursuant to § 29-2264 and (2) refusing to set aside her convictions pursuant to § 29-2264.

## ANALYSIS

We are asked to determine whether a person who has been sentenced to a fine only is included within the class of those persons who may have their convictions set aside pursuant to § 29-2264.

The meaning of a statute is a question of law. *Cox Nebraska Telecom v. Qwest Corp., supra.* When reviewing questions of law, an appellate court has an obligation to resolve questions independently of the conclusion reached by the trial court. *Blue Cross and Blue Shield v. Dailey, supra.*

At all times relevant to this case, § 29-2264 provided in part:

> (2) Whenever any person is convicted of a misdemeanor or felony and is placed on probation by the court *or is sentenced to a fine only,* he or she may, after satisfactory fulfillment of the conditions of probation for the entire period or after discharge from probation prior to the termination of the period of probation *and after payment of any fine,* petition the sentencing court to set aside the conviction.

(Emphasis supplied.)

The district court construed § 29-2264 to allow the setting aside of a conviction in two distinct situations: (1) when the defendant has satisfactorily fulfilled the conditions of probation for the entire time and (2) when the defendant has been discharged from probation prior to termination of the period of probation and after the payment of any fine imposed. The court noted that the statute falls within the Nebraska Probation Administration Act and concluded that the defendant's being placed on probation is a prerequisite to having a defendant's conviction set aside.

Wester argues that the district court ignored the plain meaning of § 29-2264 and failed to consider the effect that a 1993 amendment to the statute had on its current interpretation. She asserts that the amendment expanded the statute to include circumstances in which a person has been sentenced to pay a fine only. She argues that the addition of the language "or is sentenced to a fine

only" has no significance unless it was intended to permit the setting aside of a conviction when the defendant has been sentenced to a fine only.

The State argues that the amendment has resulted in an ambiguity in § 29-2264(2). It claims that the phrase "or is sentenced to a fine only" conflicts with the portion of the statute stating that § 29-2264(2) applies only after fulfillment or discharge from probation and after payment of any fine. It therefore argues that the phrase "and after payment of any fine" must be construed as conjunctive. The State claims that if the Legislature intended for § 29-2264 to be applicable to those who have been fined only, the phrase would have to be disjunctive and would read " 'or after payment of any fine.' " Brief for appellee at 5.

In *State v. Spady*, 264 Neb. 99, 645 N.W.2d 539 (2002), we held that § 29-2264 was constitutional and did not violate the separation of powers clause of the Nebraska Constitution. We stated: "Section 29-2264 may be applied only in limited circumstances. For example, a conviction cannot be set aside unless the person has been placed on probation or is sentenced to a fine only." *State v. Spady*, 264 Neb. at 104, 645 N.W.2d at 543.

*Spady* is distinguishable from the case at bar in that the defendant in *Spady* was sentenced to probation. However, statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Woodhouse Ford v. Laflan*, 268 Neb. 722, 687 N.W.2d 672 (2004). A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless. *In re Guardianship & Conservatorship of Woltemath*, 268 Neb. 33, 680 N.W.2d 142 (2004). In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *State v. Spady, supra*.

Prior to its amendment, § 29-2264 (Reissue 1989) stated, in relevant part:

(2) Whenever any person is convicted of a crime and is placed on probation by the court, he may, after satisfactory fulfillment of the conditions of his probation for the entire

period thereof, or after discharge from probation prior to the termination of the period thereof, petition the sentencing court to set aside the conviction.

The 1993 amendment added the language "or is sentenced to a fine only." We believe the purpose of such amendment was to include those persons who were sentenced to a "fine only" in the class of persons who are eligible to have their convictions set aside.

Part of the language in § 29-2264 (Supp. 2003) ("after discharge from probation . . . and after payment of any fine") may appear to exclude those who have been sentenced to a fine only. This interpretation would necessitate two conditions as prerequisites for the setting aside of a conviction: (1) the fulfillment or discharge of probation and (2) the payment of any fine. However, this interpretation fails to give effect to the language of the 1993 amendment which included those defendants who have been sentenced to a fine only.

■ We have previously discussed the use of the words "and" and "or" in the context of statutory interpretation. The laxity in the use of the conjunctive "and" and the disjunctive "or" is so frequent that the doctrine has been accepted that they are interchangeable and that one may be substituted for the other if to do so is necessary to give effect to any part of a statute or to effectuate the intention of the Legislature. *Ledwith v. Bankers Life Ins. Co.*, 156 Neb. 107, 54 N.W.2d 409 (1952). See, also, *State ex rel. City of Grand Island v. Union Pacific R. R. Co.*, 152 Neb. 772, 785, 42 N.W.2d 867, 875 (1950) (" '[c]ourts will, when necessary to effectuate the obvious intention of the legislature, construe conjunctive words as disjunctive' "); *Carlsen v. State*, 127 Neb. 11, 19, 254 N.W. 744, 748 (1934) ("[i]n criminal statutes, when necessary to give effect to any part of a statute or to the intention of the legislature, the word 'and' may be substituted for 'or' and *vice versa*").

The meaning of a statute is a question of law, and we resolve this question independently of the conclusion reached by the trial court. It appears obvious that when the Legislature enacted the 1993 amendment to § 29-2264(2), it intended to include those who had been fined only within the class of those who could have their convictions set aside. In order to effectuate this intent, we conclude that § 29-2264(2) applies after (1) the satisfactory fulfillment of the conditions of probation for the entire period, (2)

the discharge from probation prior to termination of the period of probation, or (3) after the payment of any fine if the defendant has been sentenced to a fine only. Thus, the district court erred in concluding that Wester's being placed on probation was a prerequisite to the application of § 29-2264.

Wester also assigns as error the district court's refusal to set aside her convictions pursuant to § 29-2264. She asks us to remand the cause to the district court with instructions to do so.

Section 29-2264 indicates that it is the province of the sentencing court to set aside a conviction. Further, the statute gives guidelines to the sentencing court for determination of whether to set aside a conviction. In the present case, the district court was the sentencing court. However, the court denied Wester's motion for the reason that the statute did not apply because she had not been sentenced to probation. Therefore, the court never performed the analysis for setting aside convictions pursuant to § 29-2264.

▪ An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court. *Scurlocke v. Hansen*, 268 Neb. 548, 684 N.W.2d 565 (2004). The district court did not analyze whether Wester's convictions should be set aside under the dictates of § 29-2264, and therefore, we are unable to reach the second assignment of error.

## CONCLUSION

For the reasons stated above, the district court's order overruling Wester's motion to set aside her convictions is reversed and the cause is remanded for further proceedings to determine whether Wester is entitled to have her convictions set aside pursuant to § 29-2264.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.