STATE OF NEBRASKA, APPELLEE, V.
STEVEN A. LISTON, APPELLANT.
712 N.W.2d 264

Filed April 21, 2006. No. S-05-1046.

Casey J. Quinn for appellant.

Jon Bruning, Attorney General, and Corey O'Brien for appellee.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ., and HANNON, Judge, Retired.

McCORMACK, J.

## NATURE OF CASE

Appellant, Steven A. Liston, was found guilty by a jury of "on-line enticement of a child." He appeals from the district court's order of conviction. Liston has asserted constitutional challenges to the charging statute, Neb. Rev. Stat. § 28-320.02 (Cum. Supp. 2004). This appeal raises the issue of whether these challenges were waived by Liston's failure to request a withdrawal of his not guilty plea before filing a motion to quash asserting these challenges.

## BACKGROUND

In January 2005, the State filed an information against Liston, charging him with the following count, pursuant to § 28-320.02:

[O]n or about the 1st day of July, 2004, STEVEN A. LISTON . . . did then and there knowingly or intentionally solicit, coax, entice or lure a peace officer who is believed by such person to be a child sixteen (16) years of age or younger, by means of a computer, to engage in first degree sexual assault and/or sexual assault of a child.

Liston and his counsel signed a form entitled "Written Arraignment and Waiver of Physical Appearance," which was filed with the court on January 25, 2005. The form provides in relevant part:

Pursuant to Neb.Rev.Stat. [§] 29-4206, I _____, Defendant in the above-entitled action, waive my right to physically appear for arraignment in District Court and ask the Court to enter a plea of not guilty on my behalf subject to the following pretrial motion(s) (if applicable) filed or to be filed pursuant to Statute:

    ____     plea in abatement
    ____     demurrer
    ____     motion to quash

       ___    plea in bar
       ___    other: _____

Liston marked an "X" beside "plea in abatement" and "motion to quash." The district court's journal entry for February 3, 2005, shows that pursuant to this waiver, the court entered Liston's not guilty plea "subject to any pretrial motions noted therein."

On May 31, 2005, Liston filed a motion to quash the information, asserting three constitutional challenges to § 28-320.02. He alleged that the statute was facially vague, a violation of his right of free speech, and an impermissible regulation of an instrumentality of interstate commerce. The district court overruled his motion to quash without comment. A jury trial was conducted on June 13 through 15, after which the jury returned a verdict of guilty.

On June 17, 2005, Liston filed a notice of appeal from the district court's overruling of his motion to quash. The Nebraska Court of Appeals, however, summarily dismissed the appeal for lack of jurisdiction pursuant to Neb. Ct. R. of Prac. 7A(2) (rev. 2001). *State v. Liston*, 13 Neb. App. lxxii (No. A-05-752, July 27, 2005), citing *State v. Pruett*, 258 Neb. 797, 606 N.W.2d 781 (2000) (holding that overruling of motion to quash does not affect substantial right and is therefore not final, appealable order). On August 31, Liston was sentenced to 3 years' probation and required to register as a sex offender. He also appealed from this order and filed a notice of constitutional issues pursuant to Neb. Ct. R. of Prac. 9E (rev. 2001) with his brief. This court granted Liston's petition to bypass the Court of Appeals.

## ASSIGNMENTS OF ERROR

Liston assigns that the district court erred in overruling his motion to quash because § 28-320.02 is unconstitutionally vague, a violation of the right of free speech, a violation of the Equal Protection Clause, and an unconstitutional regulation of interstate commerce.

## STANDARD OF REVIEW

■ Regarding questions of law presented by a motion to quash, an appellate court is obligated to reach a conclusion independent of the determinations reached by the trial court. *State v. Al-Sayagh*, 268 Neb. 913, 689 N.W.2d 587 (2004).

## ANALYSIS

■ Liston contends that § 28-320.02 is facially unconstitutional on four different grounds. A challenge to a statute, asserting that no valid application of the statute exists because it is unconstitutional on its face, is a facial challenge. *State v. Hookstra*, 263 Neb. 116, 638 N.W.2d 829 (2002).

■ In order to bring a constitutional challenge to the facial validity of a criminal statute, the proper procedure is to file a motion to quash or a demurrer. See *State v. Hynek*, 263 Neb. 310, 640 N.W.2d 1 (2002). Pursuant to Neb. Rev. Stat. § 29-1812 (Reissue 1995), this court has held that once a defendant has entered a plea, or a plea is entered for the defendant by the court, the defendant waives all facial constitutional challenges to a statute unless that defendant asks leave of the court to withdraw the plea and thereafter files a motion to quash. *State v. Kubin*, 263 Neb. 58, 638 N.W.2d 236 (2002).

Indisputably, Liston did not seek to withdraw his plea of not guilty before filing a motion to quash over 4 months after he had filed his written arraignment with the court. Liston contends that he was not required to do so because the written arraignment form that he signed authorized the district court to enter his plea subject to his motion to quash. We therefore review the district court's authority to accept a conditional plea of not guilty.

■ As noted, the form that Liston signed referenced Neb. Rev. Stat. § 29-4206 (Cum. Supp. 2004). Section 29-4206 does not, however, authorize district courts to accept pleas of not guilty on a conditional basis. Moreover, such an interpretation would be inconsistent with the Legislature's statement of intent in Neb. Rev. Stat. § 29-4201 (Cum. Supp. 2004). A preamble or policy statement in a legislative act is not generally self-implementing, but may be used, if needed, for assisting in interpreting the legislative intent for the specific act of which the statement is a part. *State v. Buckman*, 267 Neb. 505, 675 N.W.2d 372 (2004). Section 29-4201 provides: "It is the intent and purpose of sections 29-4201 to 29-4207 to authorize . . . certain district court arraignments by writing in criminal proceedings *consistent with the statutory and constitutional rights* guaranteed by the Constitution of the United States and the Constitution of Nebraska." (Emphasis supplied.)

The language of § 29-4201 demonstrates that the Legislature did not intend to allow written arraignments to supersede Nebraska's criminal procedure statutes. Relevant here, the waiver of defects statute, § 29-1812, specifically provides: "The accused *shall be taken to have waived* all defects which may be excepted to by a motion to quash, or a plea in abatement, by demurring to an indictment or pleading in bar or the general issue." (Emphasis supplied.)

A defendant's waiver of defects under § 29-1812 is mandatory and does not permit a district court to entertain his or her facial challenge to a statute raised in a motion to quash so long as the defendant's plea to the general issue still stands. Nothing in § 29-4206 contravenes the language of § 29-1812, nor did the Legislature alter § 29-1812 at the time that Neb. Rev. Stat. §§ 29-4201 to 29-4207 (Cum. Supp. 2004) were enacted. Thus, the Legislature is presumed to have retained the requirement under § 29-1812 that a defendant must withdraw his or her plea to the general issue before filing a motion to quash, even if the defendant's plea is entered pursuant to a written arraignment. See *State v. Neiss*, 260 Neb. 691, 701, 619 N.W.2d 222, 229-30 (2000) ("where a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent").

We conclude that a district court does not have authority to permit a defendant to file a motion to quash challenging the facial validity of a statute unless the defendant first obtains leave to withdraw his or her plea of not guilty.

Liston also argues that even if the district court did not have authority to make his plea subject to a motion to quash to be filed in the future, he should still be allowed to challenge the statute's constitutionality because he detrimentally relied on a court-provided form. Liston focuses on the phrase "subject to" in the following sentence of the written arraignment: "I . . . ask the Court to enter a plea of not guilty on my behalf *subject to* the following pretrial motion(s) (if applicable) filed or to be filed pursuant to Statute." (Emphasis supplied.) He contends that "subject to" in this context means that his plea was "contingent or dependent"

upon his motion to quash to be filed in the future. Supplemental brief for appellant at 3.

We reject Liston's interpretation of the form. The same sentence that Liston relies upon also specifies that a defendant's pretrial motions have been filed or will be filed "pursuant to Statute." Pursuant to § 29-1812, once a defendant enters a plea to the general issue, or the court enters a plea on behalf of the defendant, he or she must withdraw the plea before filing a motion to quash. *State v. Kubin*, 263 Neb. 58, 638 N.W.2d 236 (2002). Similarly, the form specifies that Liston's plea of not guilty was subject only to *applicable* pretrial motions, and a motion to quash is not applicable after a defendant enters a plea to the charge unless the plea is first withdrawn. Read with Nebraska's criminal procedure statutes, this form cannot alter the statutory requirement as set forth in § 29-1812.

## CONCLUSION

We conclude that Liston's constitutional arguments on appeal are procedurally barred because Liston's motion to quash was not filed until almost 4 months after the court entered a plea of not guilty on his behalf. He has therefore waived any defects alleged in the motion.

AFFIRMED.

WRIGHT, J., not participating.