STATE OF NEBRASKA, APPELLANT, V.
JOHN P. GOZZOLA, APPELLEE.
729 N.W.2d 87

Filed March 30, 2007.    No. S-06-965.

Stuart J. Dornan, Douglas County Attorney, John Alagaban, and Sara Hulac, Senior Certified Law Student, for appellant.

Thomas C. Riley, Douglas County Public Defender, and Kelly M. Steenbock for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

In this appeal brought pursuant to Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 2006), the State takes exception to an order of the district court for Douglas County sustaining John P. Gozzola's motion to quash that portion of an information which charged him with being a felon in possession of a deadly weapon in violation of Neb. Rev. Stat. § 28-1206(1) (Reissue 1995). The issue presented is whether possession of a knife by a convicted felon violates § 28-1206(1). We agree with the district court that under the plain language of the statute, it does not. Accordingly, we overrule the State's exception.

## BACKGROUND

On March 21, 2006, Gozzola was charged by information with, among other things, violating § 28-1206(1). The information specifically charged that Gozzola, "being a person who has previously been convicted of a felony, did then and there possess a deadly weapon to wit: a knife, brass or iron knuckles, or any other deadly weapon." After withdrawing his plea of not guilty, Gozzola filed a motion to quash, alleging a material defect on the face of the information because § 28-1206(1) did not prohibit the possession of a knife by a felon. At a hearing on the motion to quash, the parties stipulated that Gozzola had a prior felony conviction and that the only weapon found in his possession was a "bowie knife."

The district court sustained the motion to quash. The State filed this timely appeal pursuant to § 29-2315.01, and we moved it to our docket pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[1]

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENT OF ERROR

The State's sole assignment of error is that the district court erred in finding that the term "deadly weapon" as used in § 28-1206(1) does not include a knife.

## STANDARD OF REVIEW

Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.[2] Regarding questions of law presented by a motion to quash, an appellate court is obligated to reach a conclusion independent of the determinations reached by the trial court.[3]

## ANALYSIS

In Nebraska, all crimes are statutory, and no act is criminal unless the Legislature has in express terms declared it to be so.[4] The statute under which Gozzola was charged is titled "**§ 28-1206. Possession of a deadly weapon by a felon or a fugitive from justice; penalty**," and provides in pertinent part:

> (1) Any person who possesses any firearm or brass or iron knuckles and who has previously been convicted of a felony or who is a fugitive from justice commits the offense of possession of a deadly weapon by a felon or a fugitive from justice.
>
> . . . .
>
> (3)(a) Possession of a deadly weapon other than a firearm by a felon or a fugitive from justice is a Class IV felony.
>
> (b) Possession of a deadly weapon which is a firearm by a felon or a fugitive from justice is a Class III felony.

The State contends that Neb. Rev. Stat. § 28-109 (Cum. Supp. 2006) is also pertinent to our analysis. That statute provides:

---

[2] *State v. Marrs*, 272 Neb. 573, 723 N.W.2d 499 (2006); *State v. Robinson*, 271 Neb. 698, 715 N.W.2d 531 (2006).

[3] *State v. Liston*, 271 Neb. 468, 712 N.W.2d 264 (2006); *State v. Al-Sayagh*, 268 Neb. 913, 689 N.W.2d 587 (2004).

[4] *State v. Davlin*, 263 Neb. 283, 639 N.W.2d 631 (2002); *State v. Redmond*, 262 Neb. 411, 631 N.W.2d 501 (2001).

> For purposes of the Nebraska Criminal Code, unless the context otherwise requires:
>
> . . . .
>
> (7) Deadly weapon shall mean any firearm, knife, bludgeon, or other device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or intended to be used is capable of producing death or serious bodily injury.

The State argues that "because the statute at issue is titled 'Possession of a deadly weapon by a felon' and the definition of 'deadly weapon' includes a knife of the kind and character found in the possession of [Gozzola], [Gozzola] was in violation of Neb. Rev. Stat. 28-1206."[5]

■ Headings, captions, or catchlines supplied in the compilation of statutes do not constitute any part of the law.[6] Thus, the presence of the phrase "deadly weapon" in the title of § 28-1206 is irrelevant to our analysis.

■ The critical language is that of § 28-1206(1), which defines the elements of the offense. Section 28-1206(1) makes it unlawful for a felon to possess "any firearm or brass or iron knuckles" but says nothing about any type of knife. The general definition of "deadly weapon" in § 28-109 applies "unless the context otherwise requires." Here, the Legislature could have made the possession of any deadly weapon by a convicted felon unlawful, but it chose to proscribe only the possession of "any firearm or brass or iron knuckles."[7] Thus, in the context of § 28-1206, the phrase "deadly weapon" includes only those weapons specifically described in subsection (1) of the statute. It is a fundamental

---

[5] Brief for appellant at 8.

[6] *State v. Conklin*, 249 Neb. 727, 545 N.W.2d 101 (1996); Neb. Rev. Stat. § 49-802(8) (Reissue 2004).

[7] Cf. Neb. Rev. Stat. § 28-1205(1) (Reissue 1995) ("[a]ny person who uses a firearm, a knife, brass or iron knuckles, or any other deadly weapon to commit any felony which may be prosecuted in a court of this state or who unlawfully possesses a firearm, a knife, brass or iron knuckles, or any other deadly weapon during the commission of any felony which may be prosecuted in a court of this state commits the offense of using a deadly weapon to commit a felony").

principle of statutory construction that penal statutes are to be strictly construed.[8] The expansive construction of § 28-1206 urged by the State would violate this principle.

## CONCLUSION

The information broadly charged Gozzola with possession of "a deadly weapon to wit: a knife, brass or iron knuckles, or any other deadly weapon." However, as noted above, the parties stipulated that Gozzola possessed only a knife. Because possession of a knife by a convicted felon is not made unlawful by the plain language of § 28-1206(1), the district court did not err in sustaining the motion to quash and dismissing the charge.

EXCEPTION OVERRULED.

---

[8] *State v. Bjorklund*, 258 Neb. 432, 604 N.W.2d 169 (2000); *State v. Owens*, 257 Neb. 832, 601 N.W.2d 231 (1999).