747 N.W.2d 635 (2008)
16 Neb. App. 630
STATE of Nebraska, Appellee,
v.
Steven V. BURNS, Appellant.
No. A-07-762.
Court of Appeals of Nebraska.
February 12, 2008.
*637 James E. Schaefer, of Gallop & Schaefer, Omaha, for appellant.
Jon Bruning, Attorney General, and George R. Love, Columbus, for appellee.
INBODY, Chief Judge, and IRWIN and CASSEL, Judges.
*636 CASSEL, Judge.

INTRODUCTION
Steven V. Burns appeals from a district court judgment affirming a county court conviction and judgment. He attacks the denial of his motion to suppress, asserting that because Neb.Rev.Stat. § 60-6,219 (Reissue 2004) authorizes a vehicle to be equipped with "one or more" taillights, a vehicle having two taillights, one of which is unilluminated, nonetheless "shows red directly to the rear" and is in compliance with § 60-6,219. The lower courts correctly rejected Burns' argument, and we affirm.

BACKGROUND
The State filed a complaint in county court charging Burns with one count of driving under the influence of alcohol, .15 or over, and one count of vehicle light violation. Burns filed a motion to suppress, which the county court heard on December 28, 2006. The only issue was whether the deputy sheriff had reasonable suspicion to stop the vehicle Burns was driving. The deputy observed a vehicle traveling westbound on Giles Road in Sarpy County, Nebraska, on September 20. He observed that the vehicle displayed only one red light on the rear of the vehicle. The vehicle was equipped with two taillights, on the left and right, but the left taillight was not working. The deputy performed a traffic stop and detected the odor of an alcoholic beverage on Burns' breath. The county court overruled the motion to suppress.
The State filed an amended complaint, dropping the ".15 or over" enhancement, and the matter was tried on stipulated evidence. The State dismissed the vehicle light violation, and the court found Burns guilty of driving under the influence. The county court sentenced Burns. He timely appealed to the district court, but filed no statement of errors. The district court for Sarpy County affirmed.
Burns timely appeals to this court. Pursuant to the authority granted to this court under Neb. Ct. R. of Prac. 11B(1) (rev.2006), this case was ordered submitted without oral argument.

ASSIGNMENT OF ERROR
Burns' sole assignment of error claims that the district court erred in affirming the county court's order overruling Burns' motion to suppress.

*638 STANDARD OF REVIEW
Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. State v. Griffin, 270 Neb. 578, 705 N.W.2d 51 (2005).
Where no timely statement of errors is filed in an appeal from a county court to a district court, appellate review is limited to plain error. Id.

ANALYSIS
Burns' argument relies upon § 60-6,219, which provides in pertinent part:
(3) Every motor vehicle ... shall be equipped with one or more taillights, at the rear of the motor vehicle ..., exhibiting a red light visible from a distance of at least five hundred feet to the rear of such vehicle.
....
(6) It shall be unlawful for any owner or operator of any motor vehicle to operate such vehicle upon a highway unless:
(a) The condition of the lights and electric circuit is such as to give substantially normal light output;
(b) Each taillight shows red directly to the rear, the lens covering each taillight is unbroken, each taillight is securely fastened, and the electric circuit is free from grounds or shorts.
It is a fundamental principle of statutory construction that penal statutes are to be strictly construed. State v. Gozzola, 273 Neb. 309, 729 N.W.2d 87 (2007). Although penal statutes are strictly construed, they are given a sensible construction in the context of the object sought to be accomplished, the evils and mischiefs sought to be remedied, and the purpose sought to be served. State v. Aguilar, 268 Neb. 411, 683 N.W.2d 349 (2004).
Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. State v. Wester, 269 Neb. 295, 691 N.W.2d 536 (2005). If the language of a statute is clear, the words of such statute are the end of any judicial inquiry. State v. Rhea, 262 Neb. 886, 636 N.W.2d 364 (2001).
Burns argues that because § 60-6,219(3) allows a vehicle to be equipped with one taillight, a vehicle actually equipped with two taillights need only have one in operation. He argues that the provision of § 60-6,219(6)(b) requiring that "[e]ach taillight shows red directly to the rear" does not impose a requirement that both taillights be illuminated. We reject this strained interpretation.
Even viewed in isolation, the plain and unambiguous meaning of § 60-6,219(6)(b) that "[e]ach taillight shows red directly to the rear" clearly requires the light source to be illuminated. A taillight which is not operable cannot reasonably be understood to "show" red directly to the rear. Moreover, § 60-6,219(6)(a) requires "[t]he condition of the lights and electric circuit is such as to give substantially normal light output." In other words, the light must be illuminated in the normal fashion.
While it is lawful to have a vehicle designed for only one taillight, Burns' vehicle was equipped with two taillights. Where a vehicle is equipped with two taillights, the language of § 60-6,219(6) requires both taillights to "give substantially normal light output" and to "[show] red directly to the rear." If one of the taillights is not illuminated, it fails to comply with both of these statutory requirements. It follows that Burns was committing a *639 traffic violation, providing probable cause for the traffic stop. See State v. Voichahoske, 271 Neb. 64, 709 N.W.2d 659 (2006) (traffic violation, no matter how minor, creates probable cause to stop driver of vehicle).

CONCLUSION
The lower courts did not err in rejecting Burns' incorrect statutory interpretation. Therefore, we find no error, much less plain error, in the rulings of the courts below.
AFFIRMED.