275 Neb. 363
STATE OF NEBRASKA, APPELLEE,
v.
DANIEL T. RODRIGUEZ-TORRES, APPELLANT.
No. S-06-1351.
Supreme Court of Nebraska.
Filed April 4, 2008.
Michael D. Nelson and Cathy R. Saathoff, of Nelson Law, L.L.C., for appellant.
Jon Bruning, Attorney General, James D. Smith, and, on brief, Susan J. Gustafson for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
McCORMACK, J.

NATURE OF CASE
Daniel T. Rodriguez-Tones appeals from the district court's denial of his motion to vacate judgment and allow for withdrawal of his guilty pleas. The main question presented by this appeal is whether Rodriguez-Torres is entitled to withdraw his guilty pleas for two separate convictions after having already served his sentences, because, he claims, he was not advised that his convictions could result in deportation. The other question presented by this appeal is whether Rodriguez-Torres received effective assistance of counsel.

BACKGROUND
Following a plea of guilty, Rodriguez-Torres was convicted in January 1997 of possession of a controlled substance, a Class IV felony. Rodriguez-Tones was sentenced to 2 years' supervised probation. Rodriguez-Torres was subsequently charged with possession of a controlled substance and violation of probation. He pled guilty to violation of probation and was sentenced to 1 year's imprisonment. Rodriguez-Torres did not perfect a direct appeal of either conviction.
In July 2006, Rodriguez-Torres filed a motion to vacate judgment and allow for withdrawal of guilty pleas. He alleged that as a result of his guilty pleas in 1997 and 1999, he became deportable by the Bureau of Citizenship and Immigration Services. Rodriguez-Torres alleged that he was not advised of the effect his guilty pleas would have on his immigration status and was, therefore, unable to enter a knowing, voluntary, and intelligent plea. Rodriguez-Torres further alleges that his attorney's failure to advise him of the immigration consequences of his guilty pleas constitutes ineffective assistance of counsel.
At the hearing before the district court on the motion, counsel for Rodriguez-Torres advised the court that the action was not one for postconviction relief. Instead, counsel characterized the action as "an action more in terms of equity and justice." The motion was denied by the district court, which found that there existed no good or sufficient reasons why Rodriguez-Torres should be allowed to withdraw his pleas. Rodriguez-Torres appealed the district court's decision, and we moved this appeal to our docket.

ASSIGNMENTS OF ERROR
Rodriguez-Torres assigns that the district court erred by (1) finding that no good or sufficient reasons existed to allow Rodriguez-Torres to withdraw his pleas of guilty or vacate the judgments, (2) not finding that Rodriguez-Torres' immigration consequences were the direct result of his guilty pleas and finding that he need not have been advised of such consequences, and (3) concluding that Rodriguez-Torres did not receive ineffective assistance of counsel.

STANDARD OF REVIEW
A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[1]
To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below.[2]

ANALYSIS
Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[3]
Rodriguez-Torres' motion to vacate judgment and allow for withdrawal of guilty pleas is premised on Neb. Rev. Stat. § 29-1819.02 (Cum. Supp. 2006). Section 29-1819.02, which was adopted in 2002, provides:
(1) Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant:
IF YOU ARE NOT A UNITED STATES CITIZEN, YOU ARE HEREBY ADVISED THAT CONVICTION OF THE OFFENSE FOR WHICH YOU HAVE BEEN CHARGED MAY HAVE THE CONSEQUENCES OF REMOVAL FROM THE UNITED STATES, OR DENIAL OF NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES.
. . . .
(3) With respect to pleas accepted prior to July 20, 2002, it is not the intent of the Legislature that a court's failure to provide the advisement required by subsection (1) of this section should require the vacation of judgment and withdrawal of the plea or constitute grounds for finding a prior conviction invalid. Nothing in this section, however, shall be deemed to inhibit a court, in the sound exercise of its discretion, from vacating a judgment and permitting a defendant to withdraw a plea.
The State asserts that although § 29-1819.02 gives the trial court some discretion to allow a defendant to withdraw a guilty plea, the statute does not provide a separate procedure to accomplish that after the defendant's conviction has become final. The State further asserts that absent a statutorily authorized procedure allowing for the present action, the district court was without jurisdiction to address the merits of Rodriguez-Torres' motion. We agree.
Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.[4] Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[5]
In § 29-1819.02, the Legislature gives a court discretion to vacate a judgment or withdraw a plea where a court has failed to provide the advisement required for pleas made on or after July 20, 2002. It does not, however, convey upon a court jurisdiction to do so where a party has already completed his or her sentence. Nor has the Legislature in any other statute allowed for a specific procedure whereby a person who has been convicted of a crime and has already served his or her sentence may later bring a motion to withdraw his or her plea and vacate the judgment.
We have concluded on a number of occasions that where a criminal procedure is not authorized by statute, it is unavailable in a criminal proceeding.[6] For example, in State v. Louthan,[7] a defendant charged with second-offense driving under the influence (DUI) filed a petition seeking a determination that a prior conviction for first-offense DUI was invalid for purposes of enhancement. We held that a prior conviction used for enhancement purposes may not be collaterally attacked in a separate proceeding. We stated, "The Legislature has not enacted a procedure for asserting second-tier challenges to prior plea-based DUI convictions, and thus, unless such a procedure is constitutionally mandated, it `is unauthorized and, therefore, unavailable under Nebraska criminal procedure.'"[8]
We reached a similar conclusion in State v. El-Tabech,[9] wherein a prisoner brought a motion under the Nebraska Postconviction Act to compel state-funded DNA testing. We concluded that such a motion was prohibited under the postconviction statute under the circumstances of that case and that there were no available common-law civil procedures. We declined, under the factual circumstances of that case, where no constitutional issue presented itself, to fashion a procedure where none existed. We determined that in the absence of a legislatively mandated procedure, there was currently no recourse procedure available to the prisoner.
Here, Rodriguez-Tones failed to directly appeal his convictions or seek postconviction relief. Years after having served his sentence, Rodriguez-Torres now seeks to have his pleas withdrawn and convictions vacated. However, no legislatively authorized procedure exists which allows him to do so. Absent such a legislative procedure, there is no present recourse for Rodriguez-Tones to withdraw his pleas and vacate the judgments years after having completed his sentences. We, therefore, determine that the district court did not have jurisdiction to address Rodriguez-Tones' motion.

CONCLUSION
For the reasons discussed above, we remand this action to the district court with directions to dismiss Rodriguez-Torres' motion to vacate judgment and allow for withdrawal of guilty pleas.
REMANDED WITH DIRECTIONS.
NOTES
[1] State v. Nelson, 274 Neb. 304, 739 N.W.2d 199 (2007).
[2] State v. Petty, 269 Neb. 205, 691 N.W.2d 101 (2005).
[3] State v. Pratt, 273 Neb. 817, 733 N.W.2d 868 (2007).
[4] State v. Gozzola, 273 Neb. 309, 729 N.W.2d 87 (2007).
[5] State v. Wester, 269 Neb. 295, 691 N.W.2d 536 (2005).
[6] See, State v. Louthan, 257 Neb. 174, 595 N.W.2d 917 (1999); State v. Miller, 240 Neb. 297, 481 N.W.2d 580 (1992). See, also, State v. El-Tabech, 259 Neb. 509, 610 N.W.2d 737 (2000).
[7] State v. Louthan, supra note 6.
[8] Id. at 186, 595 N.W.2d at 925.
[9] State v. El-Tabech, supra note 6.