711 S.E.2d 275

**STATE of West Virginia, Plaintiff Below, Appellee**

v.

**Stanley MYERS, Defendant Below, Appellant.**

**No. 35672.**

Supreme Court of Appeals of West Virginia.

Submitted March 8, 2011.

Decided May 26, 2011.

**454**

Christopher Quasebarth, Prosecuting Attorney's Office, Martinsburg, WV, for Appellee.

James T. Kratovil, Kratovil and Amore, Charles Town, WV, for Appellant.

McHUGH, Justice:

Stanley Melvin Myers appeals from the July 6, 2010, order[1] of the Circuit Court of Berkeley County determining him to be a sexually violent predator within the meaning of West Virginia Code § 15–12–2(k) (2009). As grounds for the appeal, Mr. Myers asserts that the trial court failed to make the statutory determination at issue within the time frame contemplated by the governing statute. Upon our careful review of this matter, we find that the trial court committed error by holding the summary proceeding required to make a determination of whether a person is a sexually violent preda-

tor after Appellant had completed his period of incarceration. Accordingly, the decision of the circuit court is reversed.

## I. Factual and Procedural Background

In June 1996, Mr. Myers was convicted by a jury of three counts of first degree sexual assault and one count of third degree sexual assault. While serving his sentence for those convictions, this Court reversed the trial court's denial of Appellant's habeas petition on grounds of ineffective assistance of counsel and remanded the matter for a new trial. *See State ex rel. Myers v. Painter*, 213 W.Va. 32, 576 S.E.2d 277 (2002).

Foregoing his right to a second trial, Mr. Myers entered into a plea agreement in February 2003, whereby he pled guilty to three counts of first degree sexual abuse and one count of third degree sexual assault. He was sentenced to four consecutive 1–5 year terms in connection with his plea. In the conviction and sentencing order entered on March 25, 2003, the trial court found Appellant to be "a 'SEXUAL PREDATOR' within the meaning of that term as used in West Virginia law." On June 14, 2006, the day after his release from incarceration, Mr. Myers registered with the State Police as a sexual offender.

As the result of an incident that occurred in mid-February 2009,[2] the State discovered that Appellant was not on the sexually violent predator list[3] maintained by the State Police. On June 12, 2009, the State filed a motion requesting that the court initiate proceedings for the purpose of finding Mr.

---

**1.** When Appellant filed his petition for appeal, he was challenging the decision of the circuit court, by its order entered on March 8, 2010, to permit the State to proceed to determine whether he was a sexually violent predator. Because the circuit court determined Mr. Myers to be a sexually violent predator before we accepted this appeal, Appellant further challenges the trial court's ruling in which that determination was made.

**2.** A librarian at the Martinsburg public library in Berkeley County observed Appellant with a young boy whom she later saw retrieve a note and some candy from a specific book on the shelf. Several days later, the librarian picked up the same book and it contained a new note and more candy. In addition to expressing affection for the boy, the note stated: "You now have $10.00 more on your Amazon account." The

Appellant was indicted for one felony count of failure to register as a sex offender (failing to register an internet account) and one misdemeanor count of contributing to the delinquency of a minor in connection with this library incident. When the police later learned that Appellant had opened two additional internet accounts which he was using to communicate with this same boy, Mr. Myers was indicted for two more felony counts of failure to register as a sex offender.

**3.** Under the statutory scheme, there are enhanced reporting requirements and penalties for failing to comply with those requirements that attach to being classified as a sexually violent predator as opposed to the generic designation of sexual offender. *See* W.Va.Code § 15–12–8 (2009).

Myers to be a sexually violent predator. After a hearing was held on the State's motion on February 25, 2010, the circuit court granted the State's motion to proceed to determine whether Appellant qualified as a sexually violent predator under our statutory scheme. In making its ruling,[4] the trial court ordered Mr. Myers to undergo a psychiatric evaluation, as permitted by West Virginia Code § 15–12–2a(d) (2009), and further directed the Sex Offender Registry Advisory Board ("Board") to prepare and transmit its findings and recommendations on the issue of whether Appellant was a sexually violent predator. See W.Va.Code § 15–12–2b (establishing Board for purposes of assisting circuit courts "in determining whether persons convicted of sexually violent offenses are sexually violent predators").

During the evidentiary hearing held on June 28, 2010, the circuit court received evidence on the issue of whether Mr. Myers is a sexually violent predator. After taking into consideration the Appellant's conviction of qualifying sexual offenses; the predatory nature of these offenses; and the recommendation made by the Board, the circuit court ruled that Appellant is a sexually violent predator, as that term is used in West Virginia Code § 15–12–2a.[5]

Appellant initially sought an appeal from the March 8, 2010, ruling of the circuit court which authorized the State to proceed to have Mr. Myers determined to be a sexually violent predator. Before this Court granted the petition for appeal on September 9, 2010, however, the trial court issued its decision by order entered on July 6, 2010, finding Appellant to be a sexually violent predator. As a result, Mr. Myers appeals from both the March 8, and the July 6, 2010, rulings of the trial court with regard to the determination that he is a sexually violent predator under the West Virginia Sex Offender Registration

Act ("Act"). See W. Va.Code §§ 15–12–1 to –10 (2009).

## II. Standard of Review

■ Because this appeal requires us to interpret specific provisions of the Act, our review of this matter is de novo. See Syl. Pt. 1, *Appalachian Power Co. v. State Tax Dep't*, 195 W.Va. 573, 466 S.E.2d 424 (1995) (recognizing that statutory interpretation presents a purely legal question subject to de novo review). We proceed to determine whether the trial court erred by determining that Mr. Myers is a sexually violent predator after he had already completed his period of incarceration and been released from prison.

## III. Discussion

At the heart of this appeal is the question of when a determination that an individual is a sexually violent predator[6] should be made to comply with the statutory scheme at issue. Based on his reading of the Act, Mr. Myers proposes that the determination has to be made before an individual is released from confinement and placed on parole. Given that the State first sought the subject determination three years after his release from prison, Mr. Myers posits that the trial court was time barred from ruling that he is a sexually violent predator at this stage of his sentence.

Because the Act does not contain a specified time period during which a proceeding must be initiated to examine whether an individual is a sexually violent predator, the State argues that the Legislature did not intend for a statutory time limit to apply. Given this absence of temporal restrictions, the State contends that the post-incarceration ruling at issue does not violate the Act. As additional support for its position, the State notes that it never "bargained away" its right to have Appellant declared to be a

---

**4.** The circuit court's ruling was made in an order entered on March 8, 2010.

**5.** The trial court stated that it was not taking any adverse inferences from Mr. Myers' silence as to the previously-ordered psychiatric evaluation (he asserted a Fifth Amendment-based privilege to remain silent during the examination and the trial court reserved in advance the right to draw adverse inferences from such silence) based on

the fact that it had enough evidence to make its ruling without relying upon any inferences.

**6.** A "sexually violent predator" is "a person who has been convicted [. . .] of a sexually violent offense and who suffers from a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses." W.Va.Code § 15–12–2(k).

sexually violent predator under West Virginia Code § 15–12–2a[7] in connection with the plea agreement it reached with Mr. Myers.

In deciding whether the State is correct that the subject determination can be made after the completion of a sexual offender's incarceration period, we turn to the language of the Act. By statute, the same court that has sentenced a person for the commission of a sexually violent offense is charged with making a determination of whether that individual is a sexually violent predator. *See* W.Va.Code § 15–12–2a(a). Rather than being an automatic part of sentencing, however, the summary proceeding[8] required to establish that an individual is a sexually violent predator must be initiated "by the filing of a written pleading by the prosecuting attorney." W.Va.Code § 15–12–2a(c). At the conclusion of an evidentiary hearing at which the sexual offender is represented by counsel, the trial court issues its finding, based on the preponderance of the evidence, on whether he or she is a sexually violent predator. W.Va.Code § 15–12–2a(f). Once a person has been determined to be a sexually violent predator, the clerk of the court is required to forward a copy of the order to the State Police. W.Va.Code § 15–12–2a(g).

While the Act does not specify when the summary proceeding required by West Virginia Code § 15–12–2a is to be held, an examination of the provisions that address the summary proceeding and the provisions that are invoked once the determination is made suggest that the proceeding should be initiated at the prosecutor's discretion either at the time of sentencing or soon thereafter. In reaching this conclusion we observe that the same court that sentenced an individual for a sexually violent offense is charged with the duty to preside over the summary proceeding. W.Va.Code § 15–12–2a(a). By requiring that the same court which sentenced a sexual offender will also determine whether that offender is a sexually violent predator, the clear implication is that the summary proceeding will take place as an adjunct to sentencing.[9]

The significance of a finding at the conclusion of the summary proceeding that a sex offender is a sexually violent predator is that the individual, who is placed on a central registry list maintained by the State Police, is required to report on a quarterly basis for address verification purposes rather than on an annual basis, and he must submit to fingerprinting and photographs when requested. *See* W.Va.Code § 15–12–10. The penalties for failing to comply with the registry requirements are enhanced for sexually violent predators as compared to generic sex offenders.[10] *Cf.* W.Va.Code § 15–12–8(c) to –8(e). In addition to these enhanced reporting and penalty requirements, the sexually violent predator is required by this state's motor vehicle laws to carry a coded operator's license. W.Va.Code § 17B–2–3(b)(1) (2009).

---

7. The State posits that the trial court believed it was adjudicating Mr. Myers to be a "sexually violent predator" when it stated in the Conviction and Sentence Order that Appellant is "a SEXUAL PREDATOR within the meaning of that term as used in West Virginia law." Because there is no separate designation of a sexual predator under the Act, the State contends that the omission of the word violent from the referenced order was merely an oversight on the part of the State and the trial court. Because we decide this case by means of statutory interpretation, we find it unnecessary to address this issue at length. We note, however, that even if "sexually violent predator" was intended to be included in the plea agreement, the summary proceeding required by West Virginia Code § 15–12–2a was never held as an adjunct to Appellant's sentencing in 2003.

8. The Act provides that the hearing required to make a determination that an individual is a sexually violent predator "is a summary proceeding, triable before the court without a jury." W.Va.Code § 15–12–2a(b).

9. During the oral argument of this case, the State acknowledged that the determination of whether an individual is a sexually violent predator "should be handled at the time of sentencing."

10. If a generic sexual offender fails to comply with the Act's registry requirements, or provides materially false information when fulfilling these requirements, the penalty for a first offense, a felony, is 1–5 years. The corollary penalty for a first offense registry failure committed by a sexually violent predator is 2–10 years. Subsequent registration offenses similarly carry a lengthier sentence for sexually violent predators as compared to generic sex offenders. *See* W.Va.Code § 15–12–8(c), (e).

Further evidence that the determination at issue should occur as part of the sentencing phase is gleaned from both the intent of the Act and the additional disclosure requirements that attach upon the circuit court's determination that a sexual offender is a sexually violent predator. The Act makes clear that its provisions are impelled by the recognition "that there is a compelling and necessary public interest that the public have information concerning persons convicted of sexual offenses in order to allow members of the public to adequately protect themselves and their children from these persons." W.Va.Code § 15–12–1a(b). In an effort to achieve this objective, the requirements set forth in the Act were adopted "to assist law-enforcement agencies' efforts to protect the public from sex offenders by requiring sex offenders to register with the State Police detachment in the county where he or she shall reside." W.Va.Code § 15–12–1a(a). The Act recognizes that sex offenders have a "reduced expectation of privacy" when weighed against the "State's interest in public safety." W.Va.Code § 15–12–1a(c). With the aim of protecting this state's citizenry, the Legislature has authorized the release of certain information about sex offenders to the public. W.Va.Code § 15–12–1a(a).

For obvious reasons,[11] the Legislature has decided to authorize the State Police to take additional steps to notify the community with regard to that class of sex offenders who have been found to be sexually violent predators. Under the Act, the State Police is charged with informing the "prosecuting attorney of the county in which the person resides, owns or leases habitable real property that he or she regularly visits, is employed or attends a school or training facility." W.Va.Code § 15–12–5(b)(1). Once notified, the prosecuting attorney is obligated to "cooperate with the State Police in conducting a community notification program which is to include publication of the offender's name, photograph, place of residence, location of regularly visited habitable real property owned or leased by the offender, county of employment and place at which the offender attends school or a training facility, as well as information concerning the legal rights and obligations of both the offender and the community." *Id.* This statutorily-required community notification did not take place with regard to Mr. Myers based on the State's failure to request that a summary proceeding be held as part of the sentencing phase of this case.

■ Because notification of the community is such an integral part of the Act's purpose, we are not persuaded by the State's contention that the Legislature intended for the summary proceeding at issue to be held on an open-ended basis. Clearly, the aim of the Legislature is to have the determination made as an adjunct to the sentencing of a sexual offender. Only by doing so can the public be assured that it will be made aware of the whereabouts of those sexual offenders upon their release from prison who fall into that heightened category of public concern. Accordingly, we hold that the summary proceeding that is contemplated by West Virginia Code § 15–12–2a for the purpose of making a determination of whether a sex offender qualifies as a sexually violent predator within the meaning of the Act is intended to be held in conjunction with the sentencing phase of a criminal offense.[12]

■ While the determination of a sexual offender's classification as a sexually violent predator should, as a matter of practice, be made in conjunction with the sentencing phase of a sexual offense, we recognize that the statute permits the summary proceeding to be initiated at the prosecutor's discretion.[13] In recognition of this discretion and

11. Inherent in the determination that an individual is a sexually violent predator is the recognition that this classification of sexual offender presents a heightened level of threat and/or concern to the community.

12. Other states require that the determination that a sex offender is a sexually violent predator be made prior to or as a part of sentencing. *See, e.g.,* Ind.Code § 35–38–1–7.5(e) (2010); Md.

Crim. Pro.Code Ann. § 11–703 (2010); Or.Rev. Stat. § 137.767 (2009); 42 Pa. Consol. Stat. Ann. § 9795.4(e) (2011).

13. As Appellant observes, the legislative rules enacted in conjunction with the Act provide that a prosecuting attorney has the responsibility to initiate the summary proceeding under discussion either at the time of the individual's conviction "or when receiving knowledge that a person

the fact that the need to protect the public arises upon a sexual offender's release from incarceration, we determine that a summary proceeding may be held while an offender is in prison and still comply with the objectives of the Act. Accordingly, we hold that a summary proceeding pursuant to West Virginia Code § 15–12–2a may be initiated at any point prior to the offender's release from prison for the purpose of making this determination.

Based on the foregoing, we hold that the trial court committed error in granting the prosecutor's motion to permit the State to proceed with a summary proceeding and further in making the actual determination that Appellant was a sexually violent predator subsequent to his release from prison.[14] Accordingly, the decision of the Circuit Court of Berkeley County is reversed.

Reversed.

required to be registered is being released from incarceration." 81 C.S.R. § 14–11.1.

**14.** Given that there are outstanding charges pending against Appellant, we recognize that the State may have an additional opportunity to have Mr. Myers declared to be a sexually violent predator for purposes of the Act. *See supra* note 2.