# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: Jimmy M. W.**
**Petitioner Below, Petitioner**

**FILED**

May 30, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 13-0762** (Randolph County 12-P-34)

## MEMORANDUM DECISION

Petitioner Jimmy M. W.[1], by counsel Scott Curnutte, appeals the circuit court's June 13, 2013, order denying his "Petition for Removal from Sex Offender Registry." The State, by counsel Christopher S. Dodrill, responds in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no prejudicial error. Accordingly, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 1998, when he was forty-four years old, petitioner touched the breast of a fifteen-year-old girl. For this conduct, in March of 1999 he pled no contest to, and was convicted of, the misdemeanor crime of sexual abuse in the third degree.[2] Because he committed a sexual offense against a minor, West Virginia Code § 15-12-4(a)(2)(E) requires that he register as a sex offender for life.[3] Petitioner reports that he is currently in compliance with the

---

[1]We refer to petitioner by his last initial in order to protect the identity of his victim. *See* W.Va. R.A.P. 40(e)(1); *State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2]Sexual abuse in the third degree is sexual contact without consent, when the lack of consent is due to the victim's incapacity to consent by reason of being less than sixteen years old, and the defendant is over sixteen years old and is more than four years older than the victim. W.Va. Code § 61-8B-9.

[3]West Virginia Code § 15-12-4(a)(2) requires lifetime sex offender registration if the person

(A) Has one or more prior convictions or has previously been found not guilty by reason of mental illness, mental retardation or addiction for any qualifying offense referred to in this article; or (B) has been convicted or has been found not guilty by reason of mental illness, mental retardation or addiction of a qualifying offense as referred to in this article, and upon motion of the prosecuting attorney, the court finds by clear and convincing evidence, that the qualifying offense involved

1

registration requirements.

In May of 2012, petitioner filed his "Petition for Removal for Sex Offender Registry" with the circuit court. He asserted, *inter alia*, that he and the victim are now married and have children together, and that he is entirely rehabilitated. Without specifying its reasons, the circuit court denied the petition by order of June 13, 2013.

Petitioner appeals from the circuit court's order. We have held that

[i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. West Virginia Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

At the outset, we note that the Sex Offender Registration Act ["Act"], West Virginia Code §§ 15-12-1 to 15-12-10 [2009 Repl. Vol.], makes no provision for a lifetime registrant to be removed from the registry. With the enactment of West Virginia Code § 15-12-4(a)(2), the Legislature determined that certain sexual offenses—including sexual offenses committed against minors—warrant lifetime registration for the protection of the public. The only statutory authority given to a court to remove an individual from the registry is if a conviction for a sexual offense is overturned. W.Va. Code § 15-12-4(b). Although petitioner cites West Virginia Code § 15-12-4(b) in support of his petition, this statute does not apply because his conviction has not been overturned.

Furthermore, our Court has rejected various challenges to the constitutionality of the Act. In *Hensler v. Cross*, 210 W.Va. 530, 558 S.E.2d 330 (2001), we held that the Act does not violate the prohibition against ex post facto laws. We determined that the Act is not punitive in nature, rather it is regulatory, enacted pursuant to the Legislature's exercise of its police power to protect the State's citizenry. *See*, Syl. Pt. 5, *id.* Next, in *Haislop v. Edgell*, 215 W.Va. 88, 593 S.E.2d 839 (2003), we held that the lifetime registration and dissemination of information provisions do not violate the West Virginia Constitution's ex post facto or procedural due process protections. In *State v. Bostic*, 229 W.Va. 513, 729 S.E.2d 835 (2012), we determined

---

multiple victims or multiple violations of the qualifying offense; or (C) has been convicted or has been found not guilty by reason of mental illness, mental retardation or addiction of a sexually violent offense; or (D) has been determined pursuant to section two-a of this article to be a sexually violent predator; or (E) has been convicted or has been found not guilty by reason of mental illness, mental retardation or addiction of a qualifying offense as referred to in this article, involving a minor.

Sex offenders who do not fall under these provisions are required to register for ten years pursuant to West Virginia Code § 15-12-4(a)(1).

that a provision of the Act authorizing the State Police to implement an increase of certain registrations from ten years to life does not violate separation of powers. We held in *Bostic* that

> [u]nder West Virginia Code § 15–12–4(a)(2)(E) (2000), a person required to register under the terms of West Virginia's Sex Offender Registration Act, West Virginia Code § 15–12–1 et seq., shall continue to do so, except during ensuing periods of incarceration or confinement, for life, if that person has been convicted or has been found not guilty by reason of mental illness, mental retardation or addiction of a qualifying offense as referred to in the Act, involving a minor.

Syl. Pt. 6, *id.*, 229 W.Va. at 514, 729 S.E.2d at 836. Additionally, the United States Supreme Court rejected a procedural due process challenge to a similar sex offender registration act in *Connecticut Department of Safety v. Doe*, 538 U.S. 1 (2003), and rejected an ex post facto clause challenge in *Smith v. Doe*, 538 U.S. 84 (2003).

In this appeal, petitioner purports to argue that the lifetime registration requirement of the Act violates his *substantive* due process rights under the West Virginia and United States Constitutions. W.Va. Const. art. III, § 10; U.S. Const. amend. V. He points out that the substantive due process issue was left undecided in *Haislop* at 95, 99, 593 S.E.2d at 846, 850, and in *Connecticut Department of Public Safety*, 538 U.S. at 8. However, while he purports to argue about substantive due process, his argument actually focuses on procedural due process. Specifically, he contends that the Act is unconstitutional because it fails to provide any mechanism for a lifetime registrant to be heard on the issues of rehabilitation and present dangerousness. We previously considered and rejected a similar procedural due process argument in *Haislop*. Because petitioner's brief does not raise arguments that call into question the substantive due process of the Act, it is again unnecessary for us to decide the substantive due process issue.

Next, petitioner claims a violation of his right to equal protection under the West Virginia and United States Constitutions. W.Va. Const. art. III, § 10; U.S. Const. amend. IV. "Equal protection of the law is implicated when a classification treats similarly situated persons in a disadvantageous manner." Syl. Pt. 2, in part, *Israel v. West Virginia Secondary Sch. Activities Comm'n*, 182 W.Va. 454, 388 S.E.2d 480 (1989); *accord State v. Hargus*, 232 W.Va. 735, __, 753 S.E.2d 893, 900 (2013). In his brief, petitioner does not explain how his right to equal protection is violated by the lifetime registration requirement. The only class distinction he makes in his brief is in his due process argument, where he notes that the Act imposes a ten year registration requirement on some sex offenders, while imposing a lifetime requirement on other sex offenders. Petitioner refers to West Virginia Code § 15-12-4(a)(2), which requires lifetime registration of persons who have multiple sex offense convictions, victims, or violations; committed a sexually violent offense or have been determined to be a sexually violent predator; or committed a sexual offense against a minor child. See footnote 3, supra. All other sex offenders are required to register for ten years. W.Va. Code § 15-12-4(a)(1). Clearly, the Legislature established this framework because it deemed multiple sex offenses, sexual violence, and sexual offenses against children to be more dangerous to the public. Petitioner committed his crime against a minor. He fails to establish that he is similarly situated to sex offenders who did

3

not commit acts against minors or who otherwise do not fall within the parameters of West Virginia Code § 15-12-4(a)(2); thus he fails to prove that his equal protection rights were violated.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 30, 2014

**CONCURRED IN BY:**

Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Robin Jean Davis
Justice Menis E. Ketchum


**Justice Ketchum, with whom Justice Davis joins, dissenting:**

The defendant is required to register as a sex offender for the rest of his life because he touched the breast of a girl he later married. In addition, our law provides that he can never be removed from the sex offender registry even if he is later rehabilitated.

This makes no sense. Violent criminals serving long prison terms are eligible for parole if they rehabilitate while in prison. Drug addicts are sent to rehabilitation.

This man received worse than a scarlet letter. He will be limited in obtaining employment and it will be published on the internet registry until he dies. The majority opines that the Sex Offender Registration Act is not punitive. It is worse than punitive if you have rehabilitated and are required to tell your prospective employers that you are a sex offender.

At the very least we should have had oral argument and done a detailed study regarding the due process issues.

Therefore, we dissent.