No. 13-1266 - State of West Virginia v. Virgil Eugene Shrader

**FILED**

**October 30, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

LOUGHRY, Justice, dissenting:

In response to an indictment charging the defendant with multiple counts of sexual abuse of a minor, the State and the defendant entered into a plea agreement which required the defendant to undergo sexual offender treatment for five years. It is clear that the defendant did not successfully meet that specific term of his agreement, yet the majority, acting as if it were the trial court, has concluded that the defendant has done so. I write separately because I strenuously disagree with this conclusion and with the majority's decision to release the defendant from the custody of the Department of Corrections, to reverse his conviction, and to relieve him from any further responsibility for his criminal misconduct.

In this case, the majority has effectively nullified the defendant's guilty plea[1] to first degree sexual abuse of a minor, a heinous crime.[2] It is now as if this sexual crime

---

[1]The defendant's nolo contendere plea is treated as a guilty plea. *See Humphries v. Detch*, 227 W.Va. 627, 635, 712 S.E.2d 795, 803 (2011) ("[I]in West Virginia once the nolo contendere plea is entered by a defendant, the consequences from that plea "[a]s a practical matter ... [are] essentially the same as a guilty plea...." 1 Franklin D. Cleckley, *Handbook on Evidence for West Virginia Lawyers*, at § 4-10(C)(2) (4th ed. 2000).").

[2]West Virginia Code § 61-8B-7(a) (2010) provides, in part, as follows:
(continued...)

1

never occurred, and the defendant has a clean slate.  Unlike the majority, I am confident the victim does not feel as if the crime never occurred.

In the face of its acknowledgment that "the [defendant] ultimately did admit to sexual abuse in his treatment program[,]" the majority concludes that the defendant's completion of a two-year treatment program, plus his failure to successfully complete five years of sexual offender counseling as required by his plea agreement, equals the State's breach of the plea agreement.  Even if I were to agree with the majority's conclusion that the

---

[2](...continued)
> A person is guilty of sexual abuse in the first degree when:
>
> (1) Such person subjects another person to sexual contact without their consent, and the lack of consent results from forcible compulsion; or
> (2) Such person subjects another person to sexual contact who is physically helpless; or
> (3) Such person, being fourteen years old or more, subjects another person to sexual contact who is younger than twelve years old.

"Sexual contact" is defined as

> any intentional touching, either directly or through clothing, of the breasts, buttocks, anus or any part of the sex organs of another person, or intentional touching of any part of another person body by the actor's sex organs, where the victim is not married to the actor and the touching is done for the purpose of gratifying the sexual desire of either party.

W.Va. Code § 61-8B-1(6) (2010).

2

State breached the plea agreement, which I do not, the majority absolutely chose the wrong remedy.

Rather than compelling the specific performance of the plea agreement, as the majority has done, it should have chosen the other viable outcome for a breached plea agreement by reversing the defendant's conviction and sentence; allowing him to withdraw his plea; and returning him to the position he occupied post-indictment, but prior to entering his plea.[3] This outcome would have served the dual purpose of protecting the defendant's rights, as well as those of the victim. Instead, the relief afforded by the majority ignores the countervailing concerns rooted in the protection of the public and the rights of the victim in this matter.

Through the majority's ruling, there will be no restrictions whatsoever on the defendant's actions. He will not be required to register as a sexual offender, and he will be able to move about freely. Should the defendant choose to move next to a neighborhood playground or take a job at the local grade school, there will nothing to prevent him from doing so. In short, no one will be warned of his criminal past. *See State v. Myers*, 227 W.Va. 453, 457, 711 S.E.2d 275, 279 (2011) ("With the aim of protecting this state's citizenry, the

---

[3]Indeed, the record reflects that the trial court repeatedly offered the defendant the option of withdrawing his guilty plea, particularly after the defendant began having difficulty meeting the terms of the plea agreement. The defendant repeatedly declined these offers.

Legislature has authorized the release of certain information about sex offenders to the public[]" under provisions of West Virginia Sex Offender Registration Act); *Hensler v. Cross*, 210 W.Va. 530, 535, 558 S.E.2d 330, 335 (2001) (recognizing purpose of sex offender registration is "to protect the innocent public from sex offenders[.]").

Remarkably, in the face of the defendant's admission to having sexually abused a minor, the majority is content to allow his conduct to go unpunished. I would have affirmed both his sentence and conviction. For these reasons, I respectfully dissent from the majority's decision in this matter.