STATE OF WEST VIRGINIA

**Randy M.,**
**Petitioner Below, Petitioner**

**vs.) No. 19-0675** (Hardy County 18-C-31)

**Mark Williamson, Superintendent, Denmar**
**Correctional Center,**
**Respondent Below, Respondent**

**FILED**
**April 28, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Randy M.,[1] self-represented litigant, appeals the June 28, 2019, order of the Circuit Court of Hardy County denying his amended petition for a writ of habeas corpus. Respondent Mark Williamson, Superintendent, Denmar Correctional Center, by counsel Karen Villaneuva-Matkovich, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 1999, petitioner, then eighteen or nineteen years old, had sex with a twelve-year-old girl. On June 1, 1999, petitioner was indicted on one count of third-degree sexual assault in the Hardy County Circuit Court. On July 1, 1999, pursuant to a plea agreement, petitioner pled guilty to the lesser included offense of third-degree sexual abuse in exchange for petitioner's

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

consent to "undergo a psychological evaluation, undergo HIV testing, cooperate with [the] State in regard to any [other related criminal] prosecution . . ., [and] pay for [the minor] victim's counseling if [the] victim desires." Petitioner further declared that no person made any other promise to him "[o]ther than any plea bargain set forth in . . . above."

At the plea hearing,

. . . [T]he trial court placed [p]etitioner under oath. *The [p]rosecutor went over the terms of the plea agreement, including that [p]etitioner would have to register as a sexual offender, although the [p]rosecutor did not state the length of [p]etitioner's registration. Petitioner agreed that the [p]rosecutor stated the entire agreement.* The trial court then reviewed [p]etitioner's legal rights[,] and [p]etitioner indicated he understood. The [p]rosecutor then recited the factual basis of the crime to which [p]etitioner was pleading. The trial court found the plea to be voluntary and that there was a factual basis upon which to base the plea. The trial court then directed [p]etitioner to review the Notice of Sexual Offender Registration Requirements [("written notice")] with his attorney and to sign it.

(Emphasis added). The written notice erroneously informed petitioner that he was required to register as a sex offender for a period of ten years rather than for life. At an August 11, 1999, hearing, petitioner was sentenced to ninety days of incarceration, which was suspended in favor of five years of probation.

By letter dated May 30, 2002, the West Virginia State Police notified petitioner that pursuant to the 1999 amendments to the West Virginia Sex Offender Registration Act, West Virginia Code §§ 15-12-1 through 15-12-10 ("the Act"), he was required to register as a sex offender for life given that his sexual offense involved a minor. According to the certified mail receipt, petitioner's then-wife signed for the letter on June 5, 2002.

On September 17, 2003, the Hardy County Circuit Court found petitioner in violation of the terms of his probation.[2] By order entered September 26, 2003, the Hardy County Circuit Court revoked petitioner's probation and required him to serve the underlying sentence of ninety days of incarceration.

On November 1, 2016, petitioner was indicted in the Pendleton County Circuit Court with a failure to provide accurate information regarding changes to his registration information. According to petitioner, he is serving a sentence of one to five years of incarceration following a guilty plea. It is this Pendleton County sentence for which petitioner is currently incarcerated.

On October 9, 2018, petitioner filed a petition for a writ of habeas corpus in the Hardy County Circuit Court, arguing that he did not have to register for life as a sex offender based upon the erroneous written notice that he was given at the July 1, 1999, plea hearing, which provided that he had a ten-year registration period. By order entered on October 17, 2018, the Hardy County Circuit Court appointed habeas counsel for petitioner. On December 24, 2018, petitioner filed an

---

[2]The record does not reflect which term of his probation petitioner violated in 2003.

amended habeas petition and a *Losh* checklist.[3] Respondent filed a response to the amended petition on March 20, 2019.

On June 28, 2019, the Hardy County Circuit Court entered an order denying the amended habeas petition. First, the circuit court noted that it addressed all issues raised either in the amended petition or on the *Losh* checklist: ineffective assistance of counsel, involuntary plea, unfulfilled plea bargain, a more severe sentence than expected, and excessive sentence. The circuit court found that the ineffective assistance claim addressed the performance not of the trial counsel in the 1999 Hardy County proceeding, but of the trial counsel in the 2016 Pendleton County proceeding. Accordingly, the circuit court found that "any errors on the part of [the trial counsel in 2016 Pendleton County proceeding were] not properly before the [c]ourt."

As to petitioner's four remaining claims, which addressed the 1999 Hardy County proceeding, the circuit court found that they all were based on petitioner's contention that he did not have to register for life as a sex offender given the erroneous written notice of a ten-year registration period at the July 1, 1999, plea hearing. Therefore, the circuit court found all four claims were precluded by Syllabus Point 6 of *State v. Bostic*, 229 W. Va. 513, 729 S.E. 835 (2012), in which this Court held, in pertinent part, that pursuant to West Virginia Code § 15-12-4(a)(2)(E), "a person required to register under the . . . Act . . . shall continue to do so, except during ensuing periods of incarceration or confinement, for life, if that person has been convicted . . . of a qualifying offense as referred to in the Act, involving a minor." Lastly, the circuit court found that its denial of petitioner's claims was supported by the record, rendering an evidentiary hearing unnecessary.

Petitioner now appeals the circuit court's June 28, 2019, order denying the amended habeas petition.[4] This Court reviews a circuit court order denying a habeas petition under the following standard:

---

[3]In *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we compiled a nonexclusive list of potential grounds that a circuit court should address with a habeas petitioner as to whether each ground was being either waived or raised in the proceeding. *Id.* at 768-70, 277 S.E.2d at 611-12.

[4]Given that petitioner is no longer serving any term of incarceration due to his 1999 Hardy County conviction, the circuit court should have dismissed the habeas petition for a lack of jurisdiction pursuant to Syllabus Point 3 of *Cline v. Mirandy*, 234 W. Va. 427, 765 S.E.2d 583 (2014). We assume, arguendo, that the circuit court could have construed the petition as a petition for a writ of error coram nobis pursuant to Syllabus Point 5 of *State v. Hutton*, 235 W. Va. 724, 776 S.E.2d 621 (2015):

> A claim of legal error may be brought in a petition for a writ of error coram nobis only in extraordinary circumstances and if the petitioner shows that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) there exists a substantial adverse consequence from the conviction; and (4) the error presents a denial of a fundamental constitutional right.

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1 of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

On appeal,[5] petitioner attempts to distinguish the situation addressed by this Court in *Bostic*, where the defendant entered a guilty plea when the pre-1999 version of the Act was in effect. At that time, West Virginia Code § 61-8F-4 provided, in pertinent part, that any person required to register as a sex offender, regardless of the offense for which that person was convicted, "shall be required to do so for a period of ten years[.]" *Bostic*, 229 W. Va. at 519, 729 S.E.2d at 841 (quoting statute).[6] Petitioner argues that the post-1999 version of the Act, particularly West Virginia Code § 15-12-4(a)(2)(E), requiring lifetime registration, was already in effect at the time his guilty plea on July 1, 1999.

Conversely, respondent argues that the circuit court properly denied the amended habeas petition based on this Court's decision in *Bostic*. We agree with respondent. As we stated in *Hensler v. Cross*, 210 W. Va. 530, 558 S.E.2d 330 (2001), "[t]he provisions of [the post-1999 version of the Act] apply both retroactively and prospectively." *Id.* at 533, 558 S.E.2d at 333 (quoting W. Va. Code § 15-12-2(a)).[7]

We find that this case is analogous to the situation addressed by this Court in *Bostic*, where we held, in pertinent part, that pursuant to West Virginia Code § 15-12-4(a)(2)(E), "a person required to register under the . . . Act . . . shall continue to do so, except during ensuing periods of incarceration or confinement, for life, if that person has been convicted . . . of a qualifying offense as referred to in the Act, involving a minor." Syl. Pt. 6, 229 W. Va. at 514, 729 S.E. at 836. Or, as more concisely stated, "the lifetime registration requirement set forth in West Virginia Code § 15-12-4(a)(2)(E) is mandatory and attaches by operation of law." *Id.* at 523, 729 S.E.2d at 845. Therefore, we conclude that the circuit court's denial of the amended habeas petition did not

---

[5] Petitioner persists in arguing that his trial counsel in the 2016 Pendleton County proceeding was ineffective. Due to petitioner's filing of his habeas petition in the Hardy County Circuit Court, we concur with that court's ruling that "any errors on the part of [the trial counsel in 2016 Pendleton County proceeding were] not properly before the [c]ourt."

[6] We explained in *Bostic* that on March 13, 1999, the Legislature repealed West Virginia Code §§ 61-8F-1 through 61-8F-10 and replaced it with the post-1999 version of the Act, set forth in Chapter 15, Article 12 of the West Virginia Code. *Id.* at 516, 729 S.E.2d at 838. The post-1999 version of the Act took effect ninety days from passage.

[7] In Syllabus Point 5 of *Hensler*, we held that the Act "is a regulatory statute which does not violate the prohibition against ex post facto laws." *Id.* at 531, 558 S.E.2d at 331.

constitute an abuse of discretion.

For the foregoing reasons, we affirm the circuit court's June 28, 2019, order denying petitioner's amended petition for a writ of habeas corpus.

Affirmed.

**ISSUED**:   April 28, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**

Justice Margaret L. Workman