State of Nebraska, appellee, v.
Robert F. Kudlacz, appellant.
___ N.W.2d ___

Filed July 25, 2014.    No. S-13-570.

1. **Statutes: Appeal and Error.** Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.
2. **Appeal and Error.** A case is not authority for any point not necessary to be passed on to decide the case or not specifically raised as an issue addressed by the court.
3. **Statutes: Appeal and Error.** Absent anything to the contrary, an appellate court will give statutory language its plain and ordinary meaning.
4. **Statutes: Legislature: Intent.** In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.
5. **Probation and Parole: Convictions.** Confinement in a county jail as a condition of probation does not bar a person from seeking to have a conviction set aside pursuant to Neb. Rev. Stat. § 29-2264 (Supp. 2013).
6. ____: ____. It is the province of the sentencing court to set aside a conviction pursuant to Neb. Rev. Stat. § 29-2264 (Supp. 2013).

Appeal from the District Court for Sarpy County: David K. Arterburn, Judge. Reversed and remanded for further proceedings.

Joseph Kuehl, of Lefler & Kuehl Law Office, for appellant.

Jon Bruning, Attorney General, and Nathan A. Liss for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Cassel, J.

## INTRODUCTION

The question posed in this appeal is whether a condition requiring periodic confinement of the offender in the county jail, as part of a sentence of probation, prevents a court from setting aside the conviction pursuant to Neb. Rev. Stat. § 29-2264 (Supp. 2013). The district court stated that it did, relying on language in one of our cases. We disagree. Our prior

decision was not controlling on this point. And the plain language of the statute states otherwise. We reverse, and remand for further proceedings.

## BACKGROUND

Robert F. Kudlacz pled guilty to one count of issuing a bad check, $100 to $500. The district court sentenced him to probation for a period of 15 months. As a condition of his probation, he was ordered to obtain suitable employment or to provide proof of his efforts to obtain suitable employment. He was further ordered to pay restitution.

Kudlacz failed to provide proof of seeking employment or being employed and to make payments in restitution. Consequently, the district court continued his probation for a period of 24 months and amended the conditions of his probation to include confinement in the county jail for a period of 90 days to be served on weekends.

Upon satisfactory completion of the conditions of his probation, the district court entered an order releasing Kudlacz from probation pursuant to § 29-2264(1). He then moved the court to set aside his conviction pursuant to § 29-2264(2). That subsection provides:

> Whenever any person is convicted of a misdemeanor or felony and is placed on probation by the court or is sentenced to a fine only, he or she may, after satisfactory fulfillment of the conditions of probation for the entire period or after discharge from probation prior to the termination of the period of probation and after payment of any fine, petition the sentencing court to set aside the conviction.[1]

Section 29-2264(3) and (4) provide various factors for a sentencing court to consider in determining whether to set aside a conviction. These factors include (1) the behavior of the offender after sentencing, (2) the likelihood that the offender will not engage in further criminal activity, (3) any other information the court considers relevant, and (4) whether setting

---

[1] § 29-2264(2).

aside the conviction is in the best interests of the offender and consistent with the public welfare.[2]

After a hearing, the district court denied Kudlacz' motion. The court determined that he did not fall within the class of persons whose convictions may be set aside pursuant to § 29-2264. Specifically, the court relied upon language appearing in *McCray v. Nebraska State Patrol*.[3] In the background section of that opinion, this court stated that "[s]ection 29-2264(2) empowers a court to set aside certain criminal convictions in which the sentence does not include incarceration."[4] Because the conditions of Kudlacz' probation included county jail time, the district court reasoned that it was constrained by *McCray* to deny the requested relief.

Kudlacz filed a timely notice of appeal, and the case was assigned to the Nebraska Court of Appeals' docket. In response to Kudlacz' opening brief, the State filed a suggestion of remand and accompanying brief. In its accompanying brief, the State argued that the clear language of § 29-2264(2) did not deny relief to persons confined to the county jail as a condition of probation. However, the State did not cite any other decision of this court or the Court of Appeals in support of its suggestion of remand.

The Court of Appeals entered a show cause order granting the parties 10 days to file a stipulation indicating that the matter should be submitted on Kudlacz' opening brief and the brief accompanying the State's suggestion of remand. Otherwise, the Court of Appeals would overrule the suggestion of remand, and the matter would proceed with briefing.

In response to the show cause order, the parties filed a stipulation that the matter be submitted and an opinion issued without further briefing or oral argument. Specifically, the parties stipulated that "this matter should be remanded to the district court with instructions to consider the factors set forth in Neb. Rev. Stat. § 29-2264 and determine whether Kudlacz's

---

[2] See § 29-2264(3) and (4).

[3] *McCray v. Nebraska State Patrol*, 271 Neb. 1, 710 N.W.2d 300 (2006).

[4] *Id*. at 4, 710 N.W.2d at 304.

conviction should be set aside based upon consideration of those factors."

We moved the case to our docket pursuant to statutory authority.[5] As this case presented an issue of statutory interpretation with no prior guidance other than our statement in *McCray*, we did not consider summary remand to be appropriate. We overruled the suggestion of remand, set aside the waiver of oral argument without prejudice, and ordered the State to file a brief. After briefing was completed, we heard oral arguments.

## ASSIGNMENT OF ERROR

Kudlacz assigns that the district court erred in overruling the motion to set aside his conviction.

## STANDARD OF REVIEW

[1] Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.[6]

## ANALYSIS

As noted above, this appeal presents the issue of whether a person whose sentence of probation included a condition of confinement in the county jail may have his or her conviction set aside pursuant to § 29-2264. In this case, Kudlacz was given jail time as a condition of probation. Neb. Rev. Stat. § 29-2262(2)(b) (Reissue 2008) specifically authorizes a court to require the offender, as a condition of probation, to be "confined periodically in the county jail" subject to certain specified maximum time limits. Relying upon *McCray*, the district court concluded that it was unable to consider whether Kudlacz' conviction should be set aside, because he had been imprisoned as a condition of probation. As noted above, in *McCray*, we stated that § 29-2264 empowers a court to set aside certain convictions in which the sentence does not include incarceration.[7]

---

[5] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

[6] *Heckman v. Burlington Northern Santa Fe Ry. Co.*, 286 Neb. 453, 837 N.W.2d 532 (2013).

[7] See *McCray, supra* note 3.

[2] Our statement in *McCray* was not necessary to the decision in that case and carries no precedential weight on the point before us in the instant case. *McCray* was a sex offender registration case in which the defendant challenged the use of convictions that had been set aside in determining his risk of recidivism.[8] Our analysis with respect to § 29-2264 was focused solely on the use of convictions after they had previously been set aside; we were not presented with the issue of whether the defendant's convictions were eligible to be set aside. A case is not authority for any point not necessary to be passed on to decide the case or not specifically raised as an issue addressed by the court.[9] In *McCray*, it was not necessary to consider whether the defendant's convictions could be set aside under § 29-2264. Thus, the district erred in deeming our statement as controlling. We therefore examine Kudlacz' eligibility to have his conviction set aside, with no deference to *McCray*.

[3,4] Section 29-2264(2) is not ambiguous. Absent anything to the contrary, an appellate court will give statutory language its plain and ordinary meaning.[10] And in construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.[11]

[5] The plain language does not support the reading derived by the district court from *McCray*. We have already quoted the words of the statute. It authorizes any person convicted of a misdemeanor or a felony and placed on probation or sentenced to a fine only to petition the sentencing court to set aside the conviction after satisfactory fulfillment of the conditions of probation for the entire period, or after early discharge, and payment of any fine. The plain language simply

---

[8] See *id*.

[9] *Blue Cross and Blue Shield v. Dailey*, 268 Neb. 733, 687 N.W.2d 689 (2004).

[10] *SourceGas Distrib. v. City of Hastings*, 287 Neb. 595, 844 N.W.2d 256 (2014).

[11] *State v. Wester*, 269 Neb. 295, 691 N.W.2d 536 (2005).

does not address jail time as a condition of probation. Had the Legislature wished to disqualify those persons whose sentences of probation included a condition of confinement in the county jail, it easily could have done so. But it did not. We therefore hold that confinement in the county jail as a condition of probation does not bar a person from seeking to have a conviction set aside pursuant to § 29-2264.

[6] Thus, the district court erred in overruling Kudlacz' motion on the basis that his conviction could not be set aside pursuant to § 29-2264(2). Kudlacz was sentenced to probation and discharged after satisfactory fulfillment of the conditions of probation for the entire period. The condition of county jail confinement did not preclude setting aside the conviction under § 29-2264. But it is the province of the sentencing court to set aside a conviction.[12] The court should have considered whether Kudlacz' conviction should be set aside pursuant to the factors specified by § 29-2264(3) and (4).

## CONCLUSION

Section 29-2264(2) permits specified criminal convictions to be set aside. But the statutory language does not disqualify relief merely because the person placed on probation was subjected to county jail confinement as a condition of probation. The district court erred in concluding that language in our case law instructed otherwise. However, it falls to the district court to determine, in the first instance, whether to set aside the conviction. And in doing so, the court is required to consider the factors specified in § 29-2264(3) and (4). We reverse the district court's order and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

---

[12] *Id.*