IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. PURDIE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

KEITH D. PURDIE, APPELLANT.

Filed March 22, 2016.    No. A-15-388.

Appeal from the District Court for Platte County: ROBERT R. STEINKE, Judge. Affirmed.

Keith D. Purdie, pro se.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

MOORE, Chief Judge, and IRWIN and BISHOP, Judges.

BISHOP, Judge.

Keith D. Purdie appeals from the order of the district court for Platte County denying his motion to set aside his 1998 conviction of theft by receiving, retaining, or disposing of stolen property, Neb. Rev. Stat. § 28-517 (Reissue 1995). We affirm.

BACKGROUND

On December 3, 1997, Purdie was charged by information in the district court for Platte County with theft by receiving, retaining, or disposing of stolen property with a value of more than $1,500, a Class III felony. Neb. Rev. Stat. § 28-518(1) (Reissue 1995). Purdie, who was represented by counsel, entered into a plea agreement under which the charge was reduced to a Class IV felony, § 28-518(2), in exchange for his no contest plea.

The factual basis for Purdie's plea was that on July 21, 1997, an investigator with the Columbus, Nebraska, police department took a report of a stolen riding lawn mower from the Ace Hardware on 33rd Avenue in Columbus. On July 23, the investigator went to Purdie's home, and

- 1 -

upon speaking with Purdie, discovered Purdie had received a riding lawn mower with a serial number that matched the stolen lawn mower. Purdie advised the investigator that he suspected the lawn mower was stolen. As a further factual basis, the State indicated that another individual, if called as a witness, would testify that Purdie offered to sell him the stolen lawn mower on July 23.

The court accepted Purdie's no contest plea and sentenced him to 2 years' probation and a $500 fine. On October 3, 1999, at the request of Purdie's probation officer, the district court terminated Purdie's probation 6 months early, finding he had satisfactorily complied with the terms of his probation.

The record reflects that on July 8, 2009, in an unrelated criminal case, Purdie was sentenced in the district court for Colfax County to 20 to 36 years' imprisonment for attempted sexual assault of a child in the first degree. Neb. Rev. Stat. § 28-201 (Reissue 2008) (attempt); Neb. Rev. Stat. § 28-319.01 (Reissue 2008) (first-degree sexual assault of a child). Purdie is serving his sentence in the Tecumseh State Correctional Institution.

On March 31, 2015, Purdie filed a motion in the district court for Platte County pursuant to Neb. Rev. Stat. § 29-2264 (Cum. Supp. 2014), seeking to set aside his 1998 conviction for theft. He alleged the conviction was "about (20) Twenty Years Old" and that he had "no other convictions of this type of an offense." He alleged it would "be in both the Best [sic] public interest and the defendant's interest" to set aside the conviction.

At a hearing on April 20, 2015, Purdie, who participated telephonically, offered two exhibits. He described the first exhibit as a "DHHS court report," which according to Purdie's comments at the hearing apparently related to the victim of the attempted first-degree sexual assault of a child. During the hearing, Purdie argued the exhibit, which contained summaries of medical and psychological examinations of a minor child, showed that as of July 7, 2008, "no concerns were reported" during a medical examination of the "alleged victim." Purdie further argued the exhibit showed that the "alleged victim struggles with being honest and often misinterprets what others tell her." Purdie contended the exhibit showed that on October 29, 2008, a therapist "ruled out the sexual abuse of a child in that case."

The second exhibit was a single page from the bill of exceptions in Purdie's Colfax County case. According to Purdie, the excerpt showed the State agreeing with him that "he was forced into a plea agreement by threat and coercion."

The State offered into evidence a certified "pen packet" from the Nebraska Department of Correctional Services (DCS) showing documents in Purdie's inmate file. The documents indicated that Purdie was serving a sentence of 20 to 36 years for the Colfax County conviction. When the court asked Purdie if he had any objections to the State's exhibit, Purdie stated, "I haven't received it, so I wouldn't have any objection at this time."

Upon questioning by the court, Purdie acknowledged he was serving 20 to 36 years for his conviction of attempted first-degree sexual assault of a child. He further acknowledged that his direct appeal of the conviction had been unsuccessful, as had his postconviction petition; he indicated he had a "federal habeas" action pending.

At the conclusion of the hearing, the court took the matter under advisement. On April 22, 2015, the court entered an order denying Purdie's motion to set aside his 1998 conviction. The court found that "after his sentencing in this case the defendant was subsequently convicted in the

Colfax County District Court for a serious felony offense and was sentenced to a lengthy prison term." Accordingly, in light of the statutory criteria set forth in § 29-2264(3), the court determined that Purdie's motion should be denied. Purdie timely appealed to this court.

ASSIGNMENT OF ERROR

Purdie assigns that the district court abused its discretion (1) in denying his motion to set aside his 1998 conviction, and (2) in admitting the State's exhibit into evidence.

STANDARD OF REVIEW

The decision of whether to set aside a conviction pursuant to § 29-2264 is discretionary. See *State v. Wester*, 269 Neb. 295, 300, 691 N.W.2d 536, 541 (2005) ("[s]ection 29-2264 indicates that it is the province of the sentencing court to set aside a conviction"). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Cullen*, 292 Neb. 30, 870 N.W.2d 784 (2015).

ANALYSIS

Section 29-2264(2) allows a person who has been convicted of a misdemeanor or felony and placed on probation, or sentenced to a fine only, to petition the court to set aside his or her conviction after any one of the following events: (1) the satisfactory fulfillment of the conditions of probation for the entire period, (2) the discharge from probation prior to termination of the period of probation, or (3) the payment of any fine if sentenced to a fine only. *Wester, supra*.

In determining whether to set aside the conviction, the court is to consider the following: (a) the behavior of the offender after sentencing; (b) the likelihood that the offender will not engage in further criminal activity; and (c) any other information the court considers relevant. § 29-2264(3). "The court may grant the offender's petition and issue an order setting aside the conviction when in the opinion of the court the order will be in the best interest of the offender and consistent with the public welfare." § 29-2264(4).

Purdie argues the court abused its discretion in denying his motion to set aside his 1998 theft conviction. He contends the court should not have relied on his Colfax County conviction for attempted first-degree sexual assault of a child, because the conviction "is currently under Federal Review" and "is void or voidable due to the state's own Admission that the Plea was by threat and coercion." Brief for appellant at 7. He further contends he has "not reoffended" since 2009 and is a "model inmate without any Rule violations since February 2010." *Id*. He notes that he has been "baptized by water" and did not participate in the Tecumseh prison riots in May 2015. *Id*. at 7-8. Purdie also "maintains his innocence on the current conviction." *Id*. at 9.

Purdie has not persuaded us that the district court abused its discretion in denying his motion to set aside his 1998 conviction. He has not shown that his Colfax County conviction for attempted first-degree sexual assault of a child is void or voidable. Notably, Purdie acknowledged to the district court that his direct appeal and his postconviction petition challenging the conviction were unsuccessful. Likewise, the alleged pendency of a "Federal Review" does not undermine the conviction's validity, especially since the record contains no documents from the federal

proceeding. Additionally, the one-page exhibit from the bill of exceptions in his Colfax County case, which Purdie offered into evidence, does not establish an admission on the State's part "that the Plea was by threat and coercion." Brief for appellant at 7. Purdie's supposed good behavior in prison also does not alter our conclusion that the court did not abuse its discretion.

Purdie also maintains the district court abused its discretion in receiving into evidence the DCS "pen packet" offered by the State. Purdie contends the exhibit should not have been admitted because he had not seen it prior to the hearing, it was not certified, and it "may be wrong." *Id*. at 11.

The DCS "pen packet," which was certified, established that Purdie was serving a sentence of 20 to 36 years for the Colfax County conviction. Although Purdie told the district court he had not seen the exhibit, he indicated he had no objection. Therefore, Purdie has not preserved any error for appeal. See *State v. Herrera*, 289 Neb. 575, 856 N.W.2d 310 (2014) (a party must make a timely and specific objection to evidence when it is offered at trial to preserve any error for appellate review).

Even overlooking Purdie's failure to object to the State's exhibit, any error in its admission was harmless, since Purdie acknowledged upon questioning by the district court that he was serving 20 to 36 years for his conviction of attempted first-degree sexual assault of a child. See *State v. Quintana*, 261 Neb. 38, 621 N.W.2d 121 (2001) (erroneous admission of evidence is harmless error and does not require reversal if it is cumulative and other relevant evidence, properly admitted, supports the finding by the trier of fact).

In sum, pursuant to the factors set forth in § 29-2264(3), the district court was permitted to rely upon Purdie's conviction of attempted first-degree sexual assault of a child in deciding whether it was appropriate to set aside his 1998 theft conviction. The court did not abuse its discretion in denying Purdie's motion to set aside the 1998 conviction.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court for Platte County.

AFFIRMED.